# EXHIBIT A, TAB 3

100 STAT. 1798          PUBLIC LAW 99-503—OCT. 20, 1986

Public Law 99-503
99th Congress

An Act

Oct. 20, 1986
[H.R. 4216]

To provide for the replacement of certain lands within the Gila Bend Indian Reservation, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Gila Bend Indian Reservation Lands Replacement Act.
Public lands.
Agriculture and agricultural commodities.
Arizona.

SHORT TITLE

SECTION 1. This Act may be cited as the "Gila Bend Indian Reservation Lands Replacement Act".

CONGRESSIONAL FINDINGS

96 Stat. 1282.

SEC. 2. The Congress finds that:
  (1) Section 308 of Public Law 97-293 authorizes the Secretary of the Interior to exchange certain agricultural lands of the Gila Bend Indian Reservation, Arizona, for public lands suitable for farming.
  (2) An examination of public lands within a one-hundred-mile radius of the reservation disclosed that those which might be suitable for agriculture would require substantial Federal outlays for construction of irrigation systems, roads, education and health facilities.
  (3) The lack of an appropriate land base severely retards the economic self-sufficiency of the O'odham people of the Gila Bend Indian Reservation, contributes to their high unemployment and acute health problems, and results in chronic high costs for Federal services and transfer payments.
  (4) This Act will facilitate replacement of reservation lands with lands suitable for sustained economic use which is not principally farming and do not require Federal outlays for construction, and promote the economic self-sufficiency of the O'odham Indian people.

DEFINITIONS

SEC. 3. For the purposes of this Act, the term:
  (1) "Central Arizona Project" means the project authorized under title III of the Colorado River Basin Project Act (82 Stat. 887; 43 U.S.C. 1521, et seq.).
  (2) "Tribe" means the Tohono O'odham Nation, formerly known as the Papago Tribe of Arizona, organized under section 16 of the Act of June 18, 1934 (48 Stat. 987; 25 U.S.C. 476).
  (3) "Secretary" means the Secretary of the Interior.
  (4) "San Lucy District" means the political subdivision of the Tohono O'odham Nation exercising governmental functions on the Gila Bend Indian Reservation.

PUBLIC LAW 99-503—OCT. 20, 1986          100 STAT. 1799

ASSIGNMENT OF TRIBAL LANDS; RETAINED RIGHTS

SEC. 4. (a) If the tribe assigns to the United States all right, title, and interest of the Tribe in nine thousand eight hundred and eighty acres of land within the Gila Bend Indian Reservation, the Secretary of the Interior shall pay to the authorized governing body of the Tribe the sum of $30,000,000—$10,000,000 in fiscal year 1988, $10,000,000 in fiscal year 1989 and $10,000,000 in fiscal year 1990—together with interest accruing from the date of enactment of this Act at a rate determined by the Secretary of the Treasury taking into consideration the average market yield on outstanding Federal obligations of comparable maturity, to be used for the benefit of the San Lucy District. The Secretary shall accept any assignment under this subsection.

(b) The Tribe shall be permitted to continue to hunt, fish, and gather on any lands assigned to the United States under subsection (a) of this section so long as such lands remain in Federal ownership. *[Hunting. Fish and fishing.]*

(c) With respect to any lands of the Gila Bend Indian Reservation which the Tribe does not assign to the United States, the Tribe shall have the right to withdraw ground water therefrom from wells having a capacity of less than thirty-five gallons per minute and which are used only for domestic purposes. *[Water.]*

AUTHORIZATION OF APPROPRIATIONS

SEC. 5. Effective October 1, 1987 there is authorized to be appropriated such sums as may be necessary to carry out the purposes of section 4. *[Effective date.]*

USE OF SETTLEMENT FUNDS; ACQUISITION OF LANDS

SEC. 6. (a) The Tribe shall invest sums received under section 4 in interest bearing deposits and securities until expended. The authorized governing body of the Tribe may spend the principal and the interest and dividends accruing on such sums on behalf of the San Lucy District for land and water rights acquisition, economic and community development, and relocation costs. Such income may be used by the Tribe for planning and administration related to land and water rights acquisition, economic and community development and relocation for the San Lucy District. *[Securities. Water. Community development.]*

(b) The Secretary shall not be responsible for the review, approval or audit of the use and expenditure of the moneys referred to in this section, nor shall the Secretary be subject to liability for any claim or cause of action arising from the Tribe's use and expenditure of such moneys. No portion of such moneys shall be used for per capita payments to any members of the Tribe. *[Claims.]*

(c) The Tribe is authorized to acquire by purchase private lands in an amount not to exceed, in the aggregate, nine thousand eight hundred and eighty acres. The Tribe and the United States shall be forever barred from asserting any and all claims for reserved water rights with respect to any land acquired pursuant to this subsection. *[Claims.]*

(d) The Secretary, at the request of the Tribe, shall hold in trust for the benefit of the Tribe any land which the Tribe acquires pursuant to subsection (c) which meets the requirements of this subsection. Any land which the Secretary holds in trust shall be deemed to be a Federal Indian Reservation for all purposes. Land does not meet the requirements of this subsection if it is outside the counties of Maricopa, Pinal, and Pima, Arizona, or within the

100 STAT. 1800 PUBLIC LAW 99-503—OCT. 20, 1986

corporate limits of any city or town. Land meets the requirements of this subsection only if it constitutes not more than three separate areas consisting of contiguous tracts, at least one of which areas shall be contiguous to San Lucy Village. The Secretary may waive the requirements set forth in the preceding sentence if he determines that additional areas are appropriate.

State and local governments.

(e) The Secretary shall establish a water management plan for any land which is held in trust under subsection (c) which, except as is necessary to be consistent with the provisions of this Act, will have the same effect as any management plan developed under Arizona law.

### REAL PROPERTY TAXES

SEC. 7. (a) With respect to any private land acquired by the Tribe under section 6 and held in trust by the Secretary, the Secretary shall make payments to the State of Arizona and its political subdivisions in lieu of real property taxes.

Contracts.

(b) The Secretary is authorized to enter into agreements with the State of Arizona and its political subdivisions pursuant to which the Secretary may satisfy the obligation under subsection (a), in whole or in part, through the transfer of public land under his jurisdiction or interests therein, including land within the Gila Bend Indian Reservation or interests therein.

### WATER DELIVERY

Contracts.

SEC. 8. If the tribe acquires rights to the use of any water by purchase, rental, or exchange within the State of Arizona, the Secretary, at the request of the Tribe, shall deliver such water, at no cost to the United States, through the main project works of the Central Arizona Project to any land acquired under section 5(c), if, in the judgment of the Secretary, sufficient canal capacity exists to convey such water: *Provided*, That deliveries of such water shall not displace deliveries of Central Arizona Project water. The rate charged to the tribe for water delivery shall be the same as that charged by the Central Arizona Water Conservation District pursuant to contracts entered into pursuant to the Colorado River Basin Project Act (43 U.S.C. 1521, et seq.). Nothing in this section shall be deemed to obligate the Secretary to construct any water delivery system.

### WAIVER AND RELEASE OF CLAIMS; EFFECTIVE DATE

Water.

SEC. 9. (a) The Secretary shall be required to carry out the obligations of this Act only if within one year after the enactment of this Act the Tribe executes a waiver and release in a manner satisfactory to the Secretary of any and all claims of water rights or injuries to land or water rights (including rights to both surface and ground water) with respect to the lands of the Gila Bend Indian Reservation from time immemorial to the date of the execution by the Tribe of such a waiver.

(b) Nothing in this section shall be construed as a waiver or release by the Tribe of any claim where such claim arises under this Act.

(c) The assignment referred to in section 4 and the waiver and release referred to in this section shall not take effect until such time as the full amount authorized to be appropriated in section 4 has been appropriated by the Congress and paid to the Tribe.

PUBLIC LAW 99-503—OCT. 20, 1986          100 STAT. 1801

COMPLIANCE WITH BUDGET ACT

SEC. 10. No authority under this Act to enter into contracts or to make payments shall be effective except to the extent and in such amounts as provided in advance in appropriations Acts. Any provision of this Act which, directly or indirectly, authorizes the enactment of new budget authority shall be effective only for fiscal years beginning after September 30, 1987.

Contracts.
Effective date.

Approved October 20, 1986.

---

LEGISLATIVE HISTORY—H.R. 4216:

HOUSE REPORTS: No. 99-851 (Comm. on Interior and Insular Affairs).
CONGRESSIONAL RECORD, Vol. 132 (1986):
    Sept. 23, considered and passed House.
    Oct. 1, considered and passed Senate.