# EXHIBIT A, TAB 4B

# National Archives and Records Administration
## Pacific Region (Laguna Niguel)

**Record Group:** Records of the District Courts of the United States, RG 21

**Agency or Division:** State of Arizona, Phoenix Division

**Series:** Civil Case Files

**Folder Title:** Civil Case #3586

**Box Number:** 342



AUG - 9 1999

APR 19 1961

3586 PHX

(8)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>18,866.50 ACRES OF LAND, more or less, situate in Maricopa County, Arizona; GILA RIVER RANCH, INC., an Arizona corporation; et al, and UNKNOWN OWNERS,<br><br>　　　　　Defendants. | NO. CIV. 3586 PHX.<br><br>ORDER FOR DELIVERY OF POSSESSION<br>+ notice |

This action coming on for hearing ex parte upon Motion of Plaintiff for an order for the surrender of possession of the property described in the Complaint filed herein to Plaintiff, and it appearing that Plaintiff is entitled to possession of said property,

It is this 23rd day of March, 1961, adjudged that all defendants to this action and all persons in possession or control of the property described in the Complaint filed herein shall surrender possession of the said property, to the extent of the estate being condemned, to Plaintiff immediately; provided that a copy of this order shall be served upon all persons in possession or control of the said property forthwith.

DAVE W. LING

───────────────────────────
United States District Judge

Reproduced from the holdings of the National Archives and Records Administration, Pacific Region (Laguna Niguel)

A TRUE COPY.
Certified this 23 day of Mar. 1961.

WM. H. LOVELACE, CLERK
By_____
　　Deputy Clerk

MAR 23 1961

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>18,866.50 ACRES OF LAND, more or less, situate in Maricopa County, Arizona; GILA RIVER RANCH, INC., an Arizona corporation; et al, and UNKNOWN OWNERS,<br><br>　　　　　Defendants. | NO. CIV. 3586 PHX.<br><br>NOTICE OF CONDEMNATION |

TO:
State of Arizona
County of Maricopa, State of Arizona
Gila River Ranch, Inc., an Arizona corporation
F. A. Gillespie and Sons Company, an Oklahoma corporation
Gillespie Land and Irrigation Company, an Arizona corporation
O. L. Bane
The Connecticut Mutual Life Insurance Company, a
　　Connecticut corporation
Theba Farms, a joint venture comprised of Russell Giffen,
　　Jack Harris, Inc., a California corporation, and
　　National Ventures, Inc., a Nevada corporation
The Mountain States Telephone and Telegraph Company
Central Arizona Light and Power Company
Arizona Public Service Company
Board of Supervisors of Maricopa County, Arizona
Gila Water Company
Maricopa County Southern Water Conservation District
Gillespie Canal Company
Anderson Canal, Land & Stock Company

　　　　　You are hereby notified that a Complaint in Condemnation has heretofore been filed in the Office of the Clerk of the above named Court in an action to condemn the following:

　　　　　(a) As to Tracts Nos. B-200-E, C-314-E, C-314-E-5, C-318-E, C-321-E, and C-328-E, a perpetual right, power, privilege and easement occasionally to overflow, flood, and submerge the land described in Exhibit "A" as Tracts Nos. B-200-E, C-314-E, C-314-E-5, C-318-E, C-321-E and C-328-E and all structures and improvements thereon including, without being limited to, Indian graveyard structures situate on Tract

Reproduced from the holdings of the National Archives and Records Administration, Pacific Region (Laguna Niguel)

No. C-314-E-3, fences and all water supply systems, including pumps, motors, equipment, irrigation ditches and other appurtenances, in connection with the operation and maintenance of the aforesaid Painted Rock Dam and Reservoir Project, together with all right, title and interest in and to the structures and improvements now situate on the land excepting, however, existing Indian graveyard structures situate on said Tract No. C-314-E-3 and existing fences and water supply systems including pumps, motors, equipment, irrigation ditches and their appurtenances; provided that no structures for human habitation shall be constructed or maintained on the land, but mobile type homes or trailers used for temporary habitation to safeguard property or permit agricultural or feeding operations, shall be permitted on the land if approved in writing by the representative of the United States in charge of the project, and provided further that no other structures, except for the aforesaid existing Indian graveyard structures, fences and water supply systems, shall be constructed or maintained on the land without prior written approval by said representative of the United States; reserving, however, to the landowners, their heirs, executors, administrators, successors and assigns, all such rights and privileges including burial rights in said Tract No. C-314-E-3 as may be used and enjoyed without interfering with or abridging the rights and easements hereby acquired; the above estate is taken subject to existing easements for public roads and highways, public utilities, railroads and pipelines.

Reproduced from the holdings of the National Archives and Records Administration Pacific Region (Laguna Niguel)

(b)  As to Tract No. C-314-E-3, a perpetual and assignable easement and right of way to locate, construct, operate, maintain, repair and remove a dike for the protection of an Indian cemetery against inundation by water of the Gila River resulting from the operation of the Painted Rock Dam and Reservoir

2.

in, upon, over and across the land described in Exhibit "A" as Tract No. C-314-E-3, subject, however, to existing easements for public roads and highways, public utilities, railroads, pipelines and to existing burial rights in said Indian cemetery, reserving, however, to the landowners, their heirs, executors, administrators, successors and assigns, all such right, title, interest and privilege as may be exercised and enjoyed without interfering with or abridging the easement and rights hereby taken for said public uses.

(c) As to Tract No. C-314-E-4, a perpetual and assignable joint-use easement and right of way to locate, construct, operate, maintain and repair a roadway in, upon, over and across the land described in Exhibit "A" as Tract No. C-314-E-4, together with the right to trim, cut, fell and remove therefrom all trees, underbrush, obstructions and any other vegetation, structures, or obstacles within the limits of the said right of way; subject, however, to existing easements for public roads and highways, public utilities, railroads and pipelines; reserving, however, to the landowners, their heirs, executors, administrators and assigns, the right to use the surface of said land as access to their adjoining land.

The authority for the taking is the Act of Congress approved February 26, 1931 (46 Stat. 1421, 40 U.S.C. 258a), and acts supplementary thereto and amendatory thereof, and under the further authority of the Acts of Congress approved April 24, 1888 (25 Stat. 94, 33 U.S.C. 591) and March 1, 1917 (39 Stat. 948, 33 U.S.C. 701) which authorize the acquisition of land for flood control projects; the Act of Congress approved May 17, 1950 (Public Law 516 - 81st Congress), which act authorizes the construction of Painted Rock Dam and Reservoir in the Gila River Basin, Maricopa County, Arizona; and the Act of Congress approved

Reproduced from the holdings of the National Archives and Records Administration Pacific Region (Laguna Niguel)

3.

September 2, 1960 (Public Law 86 - 700), which act appropriated funds for such purposes.

You are further notified that if you have any objection or defense to the taking of your property you are required to serve upon Plaintiff's Attorney at the address herein designated within twenty days after personal service of this Notice upon you, exclusive of the day of service, an answer identifying the property in which you claim to have an interest, stating the nature and extent of the interest claimed and stating all your objections and defenses to the taking of your property. A failure so to serve an answer shall constitute a consent to the taking and to the authority of the Court to proceed to hear the action and to fix the just compensation and shall constitute a waiver of all defenses and objections not so presented.

You are further notified that if you have no objection or defense to the taking you may serve upon Plaintiff's Attorney a notice of appearance designating the property in which you claim to be interested, and thereafter you shall receive notice of all proceedings affecting the said property.

You are further notified that at the trial of the issue of just compensation, whether or not you have answered or served a notice of appearance, you may present evidence as to the amount of the compensation to be paid for the property in which you have any interest and you may share in the distribution of the award of compensation.

You are further notified that trial by jury of the issue of just compensation is demanded by Plaintiff.

DATED: March 23, 1961.

C. A. MUECKE,
United States Attorney

s/ June A. Horrigan
JUNE A. HORRIGAN, Special Asst.
to the United States Attorney
204 United States Court House
Phoenix, Arizona

4.

Reproduced from the holdings of the National Archives and Records Administration Pacific Region (Laguna Niguel)

TRACT NO. B-200-E

Those portions of Township 5 South, Range 6 West, and of Township 5 South, Range 7 West, Gila and Salt River Meridian, in the County of Maricopa, State of Arizona, described as follows:

The South one-half of Section 5; the Southwest one-quarter of the Northeast one-quarter, the South one-half of the Northwest one-quarter and the South one-half of Section 6; all of Sections 7 and 8; the West one-half and the Southeast one-quarter of Section 9; the South one-half of Section 10; the West one-half of the Southwest one-quarter of Section 11; all of Sections 14, 15 and 17; the North one-half, the North one-half of the South one-half and the Southeast one-quarter of the Southeast one-quarter of Section 16; the North one-half and the North one-half of the South one-half of Section 18; the Northeast one-quarter of the Northeast one-quarter of Section 21; the Northwest one-quarter of the Northeast one-quarter and the North one-half of the Northwest one-quarter of Section 22; the Northeast one-quarter of the Northeast one-quarter of Section 23 all in Township 5 South, Range 6 West.

The South one-half and the South one-half of the North one-half of Section 1; all of Sections 2 and 3; the Northeast one-quarter and the South one-half of Section 4; the East one-half, the East one-half of the West one-half and the Northwest one-quarter of the Northwest one-quarter of Section 9; all of Sections 10, 11, and 12; the North one-half, the North one-half of the South one-half and the Southwest one-quarter of the Southwest one-quarter of Section 13; all of Sections 14 and 15; the East one-half of Section 16; the Northeast one-quarter, the North one-half of the Southeast one-quarter, the Southeast one-quarter of the Southeast one-quarter and the East one-half of the Northwest one-quarter of Section 21; all of Section 22; the West one-half of the Northwest one-quarter of Section 23; the Northwest one-quarter and the Northwest one-quarter of the Northeast one-quarter of Section 27; the East one-half of the Northeast one-quarter of Section 28, all in Township 5 South, Range 7 West.

Containing 14,194.65 acres, more or less.

Reproduced from the holdings of the National Archives and Records Administration Pacific Region (Laguna Niguel)

TRACT NO. C-314-E

The East one-half of the Northwest one-quarter and the East one-half of Section 19; all of Sections 20, 21, 22, and 23; the North one-half of the North one-half and the Southwest one-quarter of the Northwest one-quarter of Section 24; the North one-half of the Northeast one-quarter and the Northwest one-quarter of the Northwest one-quarter of Section 27; the North one-half of the North one-half of Section 28; the North one-half of the Northeast one-quarter of Section 29, all in Township 5 South, Range 5 West, Gila and Salt River Meridian, in the County of Maricopa, State of Arizona.

EXHIBIT "A"

EXCEPT from said Section 19 a parcel of land described as follows:

Beginning at a point in the North line of said Section, distant West 2137.58 feet from the Northeast corner of said section; thence South 208.71 feet; thence West 417.42 feet; thence North 208.71 feet; thence East 417.42 feet to the point of beginning.

ALSO EXCEPT from said Section 22 a parcel of land described as follows:

Beginning at the South one-quarter corner of said section; thence North 208.71 feet at right angles to the South line of said section; thence West 208.71 feet parallel with said South line; thence South 208.71 feet at right angles to said South line; thence East 208.71 feet along said South line to the point of beginning.

ALSO EXCEPT from said Section 24 the East 1820 feet of the North one-half of the Northeast one-quarter thereof.

Containing 3461.85 acres, more or less.

### TRACT NO. C-314-E-5

The South one-half, the South one-half of the Northwest one-quarter and the Northwest one-quarter of the Northwest one-quarter of Section 13; the North one-half of Section 24, all in Township 5 South, Range 6 West, Gila and Salt River Meridian, in the County of Maricopa, State of Arizona.

Containing 760.00 acres, more or less.

### TRACT NO. C-318-E

The South one-half of the South one-half of the Southwest one-quarter and the Southwest one-quarter of the Southeast one-quarter of the Southeast one-quarter of Section 8, Township 5 South, Range 4 West, Gila and Salt River Meridian, in the County of Maricopa, State of Arizona.

Containing 50.00 acres, more or less.

### TRACT NO. C-321-E

The Northeast one-quarter of Section 8, Township 5 South, Range 4 West, Gila and Salt River Meridian, in the County of Maricopa, State of Arizona.

Containing 160.00 acres, more or less.

EXHIBIT "A"

2.

Reproduced from the holdings of the National Archives and Records Administration Pacific Region (Laguna Niguel)

### TRACT NO. C-328-E

The West one-half of the Southwest one-quarter of Section 28, and the West one-half of the West one-half of Section 33, Township 4 South, Range 4 West, Gila and Salt River Meridian, in the County of Maricopa, State of Arizona.

Containing 240.0 acres, more or less.

### TRACT NO. C-314-E-3

That portion of the Northeast one-quarter of Section 23, Township 5 South, Range 5 West, Gila and Salt River Meridian, in the County of Maricopa, State of Arizona, described as follows:

Beginning at a point distant South 73° 07' 08" West 1229.59 feet from the Northeast corner of said Section 23; thence South 610 feet; thence West 515 feet; thence North 610 feet; thence East 515 feet to the point of beginning.

Containing 7.21 acres, more or less, all of which is included within Tract C-314-E.

Bearings of the foregoing description are based upon a bearing of South 0° 05' 41" West for the East line of said Northeast one-quarter.

### TRACT NO. C-314-E-4

A strip of land, 20 feet in width, being that portion of the Northeast 1/4 of Section 23, Township 5 South, Range 5 West, Gila and Salt River Meridian, in the County of Maricopa, State of Arizona, said strip of land lying 10.00 feet on each side of the following described center line:

Commencing at the Northeast corner of said Section 23; thence South 73° 07' 08" West 1229.59 feet; thence West 37.99 feet to the TRUE POINT OF BEGINNING of said strip of land; thence North 68° 54' East 7.37 feet to the beginning of a tangent curve concave Northwesterly, having a radius of 87.54 feet; thence Northeasterly 104.67 feet along said curve through a central angle of 68° 30' 36"; thence North 0° 23' 24" East 275.23 feet, more or less, to the point of ending in the North line of said Section 23, said point of ending being distant Westerly approximately 1150 feet from the Northeast corner of said Section.

Containing 0.18 acre, more or less, all of which is included within Tract C-314-E.

Reproduced from the holdings of the
National Archives and Records Administration
Pacific Region (Laguna Niguel)

EXHIBIT "A"

3.

A TRUE COPY.
Certified this 23 day of Mar. 1961.

WM. H. LOVELESS, CLERK
By _____
Deputy Clerk