# EXHIBIT A, TAB 4C

UNITED STATES
DEPARTMENT OF THE INTERIOR

GILA BEND INDIAN RESERVATION LANDS REPLACEMENT ACT OF 1986

AGREEMENT BETWEEN THE UNITED STATES AND THE TOHONO O'ODHAM NATION TO PROVIDE FOR THE IMPLEMENTATION OF THE ACT OF OCTOBER 20, 1986

THIS AGREEMENT is made and entered into as of the 13th day of October, 1987, pursuant to the Gila Bend Indian Reservation Lands Replacement Act of October 20, 1986 (Public Law 99-503, 100 Stat. 1798, hereinafter "Act") by and between the Secretary of the Interior (hereinafter "Secretary"), on behalf of the United States of America, and the Tohono O'odham Nation (hereinafter "Nation") in consideration of the recitals and mutual covenants and agreements set forth herein and other good and valuable considerations, the receipt and adequacy of
which are hereby acknowledged as follows:

## SECTION 1

### Recitals

1.1     WHEREAS, Section 308 of Public Law 97-293 authorizes the Secretary of the Interior to exchange certain agricultural lands of the Gila Bend Indian Reservation, Arizona, for public lands suitable for farming; and

1.2     WHEREAS, an examination of public lands within a one-hundred mile radius of the reservation disclosed that those which might be suitable for agriculture would require substantial Federal outlays for construction of irrigation systems, roads, education and health facilities; and

1.3     WHEREAS, the lack of an appropriate land base severely retards the economic self-sufficiency of the O'odham people of the Gila Bend Indian Reservation, contributes to their high unemployment and acute health problems, and results in chronic high costs for Federal services and transfer payments; and

1.4     WHEREAS, this agreement will facilitate replacement of reservation lands with lands suitable for sustained economic use, which is not principally farming and does not require Federal outlays for construction, and promote the economic self-sufficiency of the O'odham Indian people.

NOW, THEREFORE, the undersigned parties agree as follows:

## SECTION 2

### Definitions

In this agreement, the term:

2.1     "Act" means the Gila Bend Indian Reservation Lands Replacement Act, Act of October 20, 1986, P.L. 99-503, 100 Stat. 1798;

2.2     "Central Arizona Project" means the project authorized under Title III of the Colorado River Basin Project Act (82 Stat. 337; 43 U.S.C. 1521, et seq.);

2.3     "Nation" means the Tohono O'odham Nation, formerly known as the Papago Nation of Arizona, organized under section 16 of the Act of June 18, 1934 (48 Stat. 987; 25 U.S.C. 476).

2.4     "Secretary" means the Secretary of the Interior;

2.5     "San Lucy District" means the political subdivision of the Tohono O'odham Nation exercising governmental functions on the Gila Bend Indian Reservation.

## SECTION 3

### Assignment of Nation Lands; Retained Rights

3.1     Subject to the provisions of section 6.3, the Nation hereby assigns to the United States all right, title and interest of the Nation in nine thousand eight hundred and eighty (9,880) acres of land within the Gila Bend Indian Reservation (a description of said land is set forth in Exhibit A which is attached hereto and incorporated herein.) As consideration for this, the Secretary shall pay to the authorized governing body of the Nation the principal sum of thirty million dollars (30,000,000.00), together with interest accruing from October 20, 1986 (the date of enactment of the Act) at a rate of interest determined by the Secretary of the Treasury taking into consideration the average market yield on outstanding Federal obligations of comparable maturity, to be used for the benefit of the San Lucy District. Said sum shall be paid in three annual installments of ten million dollars ($10,000,000) each, together with accumulated interest. The Secretary of the Interior agrees to expedite each installment by processing each payment as soon as practicable after the enactment of the Federal appropriation budget for fiscal years 1988, 1989, and 1990. The Secretary agrees to accept any assignment under this subsection.

3.2     The Secretary agrees that the Nation shall be permitted to continue to hunt, fish, and gather on any lands assigned to the United States under subsection 3.1 of this section so long as such lands remain in Federal ownership.

3.3     With respect to any lands of the Gila Bend Indian Reservation which the Nation does not assign to the United States, The Secretary agrees that the Nation shall have the right to withdraw ground water therefrom from wells having a capacity of less than thirty-five (35) gallons per minute and which are used only for domestic purposes.

## Section 4

### Use of Settlement Funds; Acquisition of Lands

4.1     The Nation shall invest the sums received under Section 3 in interest bearing deposits and securities, including securities of the United States, until expended. The authorized governing body of the Nation may spend the principal and the interest and dividends accruing on such sums on behalf of the San Lucy District for land and water rights acquisition, economic and community development, and relocation costs. Such income may be used by the Nation for planning and administration related to land and water rights acquisition, economic and community development and relocation for the San Lucy District.

4.2     The Secretary will not be responsible for the review, approval or audit of the use and expenditure of the moneys referred to in this section, nor will the Secretary be subject to liability for any claim or course of action arising from the Nation's use and expenditure of such moneys. It is agreed that no portion of such moneys shall be used for per capita payments to any members of the Nation.

4.3     The Nation is hereby authorized to acquire, by purchase, private lands in an amount not to exceed, in the aggregate, nine thousand eight hundred and eighty (9,880) acres. As mandated by the Act, the Nation and the United States shall be forever barred from asserting any and all claims for reserved water rights with respect to any land acquired pursuant to this subsection.

4.4     The Secretary agrees to hold in trust for the benefit of the Nation any land which the Nation acquires pursuant to subsection 4.3 which meets the requirements of this Subsection. It is agreed that any land which the Secretary holds in trust shall be deemed to be a Federal Indian Reservation for all purposes. Under this agreement, land does not meet the requirements of this subsection if it is outside the counties of Maricopa, Pinal, and Pima, Arizona, or within the corporate limits of any city or town. Land meets the requirements of this subsection only if it constitutes not more than three separate areas consisting of contiguous tracts, at least one of which areas shall be contiguous to San Lucy Village. It is agreed that the Secretary may waive the requirements set forth in the preceding sentence if he determines that additional areas are appropriate.

4.5     The Secretary shall establish a water management plan for any land which is held in trust under subsection 4.3 which, except as is necessary to be consistent with the provisions of this agreement, will have the same effect as any management plan developed under Arizona law.

## Section 5

### Water Delivery

As required by the Act, if the Nation acquires rights to the use of any water by purchase, rental or exchange within the State of Arizona, the Secretary, at the request of the Nation, shall deliver such water, at no cost to the United States, through the main project works of the Central Arizona Project to any land acquired under Section 4.3, if, in the judgement of the Secretary, sufficient canal capacity exists to convey such water; Provided, that deliveries of such water shall not displace deliveries of Central Arizona Project water. The rate charged to the Nation for water delivery shall be the same as that charged by the Central Arizona Water Conservation District pursuant to contracts entered into pursuant to the Colorado River Basin Project Act (43 U.S.C. 1521, et seq.). It is agreed that nothing in this section shall be deemed to obligate the Secretary to construct any water delivery system.

## Section 6

### Waiver and Release of Claims

6.1     The Nation hereby waives and releases any and all claims of water rights or injuries to land or water rights (including rights to both surface and ground water) with respect to the lands of the Gila Bend Indian Reservation from time immemorial to the date of the execution by the Nation of this Agreement.

6.2     Nothing in this section shall be construed as a waiver or release by the Nation of any claim where such claim arises under this agreement.

6.3     It is agreed that the assignment referred to in section 3, and the waiver and release referred to in this section shall not take effect until such time as the full amount authorized to be appropriated in section 3 has been appropriated by the Congress and paid to the Nation.

## Section 7

### Appropriations

This Agreement is subject to compliance with section 10 of the Act. Any provision of the Act which, directly or indirectly, authorizes the enactment of new budget authority shall be effective only for fiscal years beginning after September 30, 1987.

-4-

Section 8

Correspondence

All notices, demands or correspondence between the parties concerning this contract shall be sent to the addresses set forth in this paragraph or to such addresses as the parties may hereafter designate in writing. Notices and demands shall be sent by certified or registered mail. Receipt of any notice or demand shall be deemed complete 10 days after mailing or upon the date actually received, whichever is earlier. The addresses are as follows:

To the Nation:

    Chairman, Tohono O'odham Nation
    P.O. Box 837
    Sells, Arizona 85634

To the Secretary:

    Phoenix Area Director
    Bureau of Indian Affairs
    P.O. Box 10
    Phoenix AZ 85001

IN WITNESS WHEREOF, the parties hereto have caused this agreement to be executed as of the day and date first above written by their respective officers and representatives and warrant that each is duly authorized by the respective entity to execute this agreement which shall bind all the parties hereto, their successors and assigns.

For the Nation:

By _____
   Chairman, Tohono O'odham Nation

For the Secretary:

By _____ (Acting)
   Phoenix Area Director

-5-

Exhibit A

## Description of Lands Assigned to the United States Pursuant to Agreement and Public Law 99-503

All of those lands in Township 5 South, Range 5 West, Gila and Salt River base and meridian, Maricopa County, Arizona, included within the Gila Bend Indian Reservation, being more particularly described as:

| Section | Description | Acres |
|---|---|---|
| 1 | All | 681.28 |
| 2 | All | 639.80 |
| 3 | All | 638.17 |
| 4 | All | 640.70 |
| 5 | All except NE/4SE/4NW/4 containing 10 acres which is reserved by the Nation for its own purposes. | 630.73 |
| 6 | All | 636.29 |
| 7 | All | 635.62 |
| 8 | All | 640.00 |
| 9 | All | 640.00 |
| 10 | All except NW/4SE/4 containing 40 acres which is reserved by the Nation for its own purposes. | 600.00 |
| 11 | All except NE/4NE/4 and SW/4SE/4NW/4 containing 50 acres which is reserved by the Nation for its own purposes. | 590.00 |
| 12 | All except S/2N/2NE/4SE/4, N/2S/2NE/4SE/4, NE/4NE/4NW/4SE/4, S/2NE/4NW/4SE/4, and SE/4NW/4SE/4 containing 37.12 acres which is reserved by the Nation for its own purposes. | 627.36 |
| 13 | All except SW/4, NW/4SE/4, and S/2SE/4 containing 230 acres which is reserved by the Nation for its own purposes. | 360.00 |
| 14 | All | 640.00 |
| 15 | All | 640.00 |
| 17 | All | 640.00 |

Reserving, also, free rights of ingress and egress over the above described lands to all of the lands reserved by the Nation herein. All of the assigned land totalling 9,830.00 acres, more or less.

RESOLUTION OF THE TOHONO O'ODHAM LEGISLATIVE COUNCIL
(Approving Agreement Implementing P.L. 99-503,
Gila Bend Indian Reservation Lands Replacement Act)

RES. NO. 378-87

1. WHEREAS, the Tohono O'Odham Council has previously passed a resolution wherein
2. it approved a U.S. Congressional bill substantially in conformity with
3. the terms and conditions set forth in Public Law 99-503 (Gila Bend
4. Indian Reservation Lands Replacement Act) which was enacted into law
5. on October 20, 1986, a copy of which is attached hereto and made a
6. 
7. part of this Resolution; and
8. WHEREAS, under the terms and conditions of Public Law 99-503, the Tohono
9. O'Odham Nation is entitled to receive certain benefits, including the
10. sum of thirty million dollars ($30,000,000), plus interest, payable
11. ten million dollars ($10,000,000), plus interest, in fiscal year 1988,
12. ten million dollars ($10,000,000), plus interest, in fiscal year 1989,
13. and ten million dollars ($10,000,000), plus interest, in fiscal year
14. 1990, provided that the Nation, within one year from the enactment
15. thereof, executes the required waiver and release and assigns to the
16. United States all right, title and interest of the nation in 9880
17. 
18. acres of land within the Gila Bend Reservation; and
19. WHEREAS, attached hereto and made a part hereof, is an Agreement entitled
20. "Agreement Between the United States and the Tohono O'Odham Nation to
21. Provide for the implementation of the Act of October 20, 1986," which
22. incorporates the substantive provisions of public law 99-503 and the
23. 
24. required assignment, waiver and release; and
25. WHEREAS, the San Lucy District Council has by Resolution No. 39-87 approved the
26. attached Agreement and has requested that the Tohono O'Odham
27. Legislative Council approve and authorize the chairman to execute said
28. Agreement on behalf of the Nation; and
29. WHEREAS, the Legislative Council has reviewed the attached Agreement and
30. believes that it would be in the best interest of the Nation if the
31. Agreement is approved and executed.
32. NOW, THEREFORE, BE IT RESOLVED that the Legislative Council does hereby approve

RES. NO. 378-87
(Approving Agreement Implementing P. L. 99-503)
Page Two (2)

the Agreement entitled "Agreement Between the United States and the Tohono O'Odham Nation to Provide for the Implementation of the Act of October 20, 1986", and hereby authorizes and directs the Chairman of the Nation to execute said Agreement, Assignment and other instruments incidental thereto on behalf of the Tohono O'Odham Nation.

The foregoing resolution was passed by the Tohono O'odham Council on the __13th__ day of __October__, __1987__, at a meeting at which a quorum was present with a vote of __1640.0__ for; __-0-__ against; __-0-__ not voting; and __01__ absent, pursuant to the powers vested in the Council by Section 1 (f) and (i) of Article VI of the Constitution of the Tohono O'odham Nation, adopted by the Tohono O'odham Nation on January 18, 1986, and approved by the Acting Deputy Assistant Secretary - Indian Affairs (Operations) on March 6, 1986, pursuant to Section 16 of the Act of June 18, 1934 (48 Stat. 984).

TOHONO O'ODHAM LEGISLATIVE COUNCIL

_____
Harriet Toro, Legislative Chairperson

__13th__ day of __October__, 19__87__.

ATTEST:

_____
Teresa M. Choyguha, Legislative Secretary

__13th__ day of __October__, 19__87__.

Said Resolution was submitted for approval to the office of the Chairman of the Tohono O'odham Nation on the __13th__ day of __October__, 19__87__, at __7:47__ o'clock, __P__.M., pursuant to the provisions of Section 5 of Article VII of the Constitution and will become effective upon his approval or upon his failure to either approve or disapprove it within 48 hours of submittal.

TOHONO O'ODHAM LEGISLATIVE COUNCIL

_____
Harriet Toro, Legislative Chairperson

[ ✓ ] APPROVED      )   on the __13th__ day of __October__, 19__87__, at
[   ] DISAPPROVED   )   __5:28__ o'clock, __P__.M.

_____
ENOS J. FRANCISCO, JR., Chairman
TOHONO O'ODHAM NATION

RES. NO. 378-37
(Approving Agreement Implementing P.L. 99-503)
Page Three (3)

Returned to Legislative Secretary on the 15th day of October, 19 87, at 11:00 o'clock, A .M.

*Teresa M. Choyguna* (signature)
Teresa M. Choyguna
Legislative Secretary

MOVED: JOHN RENO  
SECOND: MAX JOSE  
DATE: OCTOBER 13, 1987  

SUBJECT: APPROVING AGREEMENT IMPLEMENTING P. L. 99-505  
RESOLUTION # 378-87  

| DISTRICTS | REPRESENTATIVES | # OF VOTES | FOR | AGAINST | NOT VOTING | ABSENT |
|---|---|---|---|---|---|---|
| SIF OIDAK 128.0 | 1. Nicholas Jose (Letitia Garcia) | 69.0 | X | | | |
| | 2. Willard Juan, Sr. (Melissa Gregorio) | 69.0 | X | | | |
| SELLS 257.0 | 1. Andrew Patricio (Daniel Lopez) | 128.5 | X | | | |
| | 2. Fred Stevens ( ) | 128.5 | X | | | |
| SCHUK TOAK 105.0 | 1. Julia Carrillo (JoAnn Francisco) | 52.5 | X | | | |
| | 2. Joseph Juan (Frances Francisco) | 52.5 | X | | | X |
| SAN XAVIER 126.0 | 1. Eugene Enis (Michael Rios) | 63.0 | X | | | |
| | 2. Tony Felix (Carmelita Mattias) | 63.0 | X | | | |
| BABOQUIVARI 241.0 | 1. Kenneth Chico, Sr. ( ) | 120.5 | X | | | |
| | 2. Joann Garcia (Frances Miguel) | 120.5 | X | | | |
| GU ACHI 158.0 | 1. Percy Lopez ( ) | 79.0 | X | | | |
| | 2. Fernando Joaquin ( ) | 79.0 | X | | | |
| PISINEMO 116.0 | 1. Johnson Jose ( ) | 58.0 | X | | | |
| | 2. Edward Manuel (Alex Antone) | 58.0 | X | | | |
| SAN LUCY 85.0 | 1. Max Jose (Dewey Ortega) | 42.5 | X | | | |
| | 2. John Reno ( ) | 42.5 | X | | | |
| GU VO 117.0 | 1. Virgil Lewis (Roy Montana) | 58.5 | X | | | |
| | 2. Cross Antone (Juan Joe Cipriano) | 58.5 | X | | | |
| HICKIWAN 128.0 | 1. Henry Ramon (Billy Manuel) | 64.0 | X | | | |
| | 2. Lloyd Francisco (Eleanor Santos) | 64.0 | X | | | |
| CHUKUT KUK 169.0 | 1. Rosita Ruiz (Rosemary Lopez) | 84.5 | X | | | |
| | 2. Harriet Toro (Marvin Thomas) | 84.5 | X | | | |
| TOTALS | | 1640.0 | 1640.0 | -0- | -0- | 01 |