# EXHIBIT A, TAB 4Q



# United States Department of the Interior

### OFFICE OF THE SOLICITOR
Phoenix Field Office
Sandra Day O'Conner U.S. Courthouse, Suite 404
401 West Washington Street, SPC 44
Phoenix, Arizona 85003-2151



TAKE PRIDE®
IN AMERICA

August 1, 2006

Memorandum

To:       Regional Director
          Western Regional Office, BIA

From:     Office of the Solicitor
          Phoenix Field Office

Re:       Mandatory Acquisition of 3759 Acres for San Lucy Tohono O'odham

This memorandum responds to yours of July 26, 2006, in which you request concurrence by this Office of your position that the above-referenced proposal qualifies as a mandatory land acquisition pursuant to the Gila Bend Indian Reservation Lands Replacement Act of 1986, P.L. 99-503 (hereafter "Act"). We have reviewed your memorandum together with Attachments A through E thereto, and have arrived at a conclusion as set forth below.

Through efforts at flood control along the Gila River during the 1960s, together with certain actions involving tribal lands by the United States, significant diminishment of the reservation for members of the San Lucy District of the Tohono O'odham Nation occurred within the twenty-year period following those actions. Congress sought to compensate the San Lucy District members by providing replacement lands as specified in the Act, and though authorizing an appropriation of $30 million for acquisition of such lands, placed several burdensome restrictions on the purchases that were identified in your July 26 memorandum. By letter of May 31, 2000 from BIA WRO Acting Regional Director Barry Welsh to Chairman Edward Manuel of the Nation, certain of these restrictions were either waived or modified as authorized by §6(d) of the Act ("The Secretary may waive the requirements set forth in the preceding sentence if he determines that additional areas are appropriate.") The delegation of Congress's authorization to the Secretary to waive these restrictions from the Secretary to the Western Regional Director was affirmed by the Assistant Secretary–Indian Affairs, by memorandum of April 4, 2000.

The current restrictions on these land acquisitions include (1) not exceeding a total replacement acreage of 9880 acres, (2) acquiring such lands in either Maricopa, Pinal, or Pima counties but not in any town or city, and (3) acquiring such lands in only five separate acquisitions or transactions, of which this 3759-acre acquisition is the second. Among the original statutory requirements of these acquisitions was that one was to be contiguous to the existing 40-acre parcel known as San Lucy Village, but this has proven impossible owing to the intransigence of

the present landowner, Gila Bend Investment Group, whose lands surround the Village to the north, west, and south, with the eastern boundary of the Village abutting the Town of Gila Bend, effectively making the Village landlocked for land acquisition purposes.

In a memorandum dated May 24, 1991, upon the occurrence of the first acquisition under the Act being the 3200-acre Schramm Ranch, this Office took the position that

> This property [Schramm Ranch] is being acquired pursuant to the Gila Bend Indian Reservation Lands Replacement Act, Pub. L. No. 99-503, 100 Stat. 1798 (1986). That Act provides that the Secretary, at the request of the Nation, shall hold in trust for the Nation any land which meets the requirements of subsection 6(d). Because the Act specifies the conditions which must be met for acquisition in trust, the factors ordinarily weighed to determine whether to acquire land in trust, set forth at 25 C.F.R. §151.10, are not applicable.

We are unaware at this time of any material changes in the law or in the surrounding circumstances of the tribal polity since this was written in 1991 that suggest that this view of the mandatory nature of the land acquisitions under the Act should be changed or in any way modified. Accordingly, we now both affirm the prior position of this Office with respect to the mandatory nature of the Act and, based upon the materials submitted with your memorandum of July 26, believe that the subject acquisition of 3759 acres meets all of the requirements imposed by the Act for mandatory acquisitions.

This Office offers no comment or opinion on any related issue not expressly identified in the text of the foregoing memorandum. If you have any comments or questions on the content of this memorandum or its conclusions, please contact William W. Quinn at 602.364.7886. We have returned herewith the documents and materials submitted as attachments with your original request.