# EXHIBIT A, TAB 9

No. 5089214

## INFORMATION

**The Title Insurance Commitment is a legal contract between you and the company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the  Policy**

The Company will give you a sample of the Policy form, if you ask.

The Commitment is based on the land title as of the Commitment Date.  Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**



### COMMITMENT FOR TITLE INSURANCE

### ISSUED BY

## *First American Title Insurance Company*

### TABLE OF CONTENTS

AGREEMENT TO ISSUE POLICY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . on the following page
COMMITMENT DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Schedule A (Page 1)
POLICIES TO BE ISSUED, AMOUNTS AND PROPOSED INSURED . . . . . . . . . . . . . . . . . . . . . . . . . . Schedule A (Page 1)
INTEREST IN THE LAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Schedule A (Exhibit A)
DESCRIPTION OF THE LAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . on the following page
EXCEPTIONS - PART ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Schedule B (inside)
EXCEPTIONS - PART TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Schedule B (inside)
REQUIREMENTS (Standard) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . on the third page
REQUIREMENTS (Continued) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..Requirements (inside)
CONDITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . on the third page

### YOU SHOULD READ THE COMMITMENT VERY CAREFULLY

No. 5089214

## AGREEMENT TO ISSUE POLICY

We agree to issue a policy to you according to the terms of this Commitment.  When we show the policy amount and your name as the proposed insured in Schedule A, this Commitment becomes effective as of the date shown in Schedule A.

If the Requirements shown in this Commitment have not been met within six months after the Commitment Date, our obligation under this Commitment will end.  Also, our obligation under this Commitment will end when the Policy is issued and then our obligation to you will be under the Policy.

Our obligation under the Commitment is limited by the following:

> The Provisions in Schedule A
> The Requirements
> The Exceptions in Schedule B - Parts 1 and 2
> The Conditions

This Commitment is not valid without SCHEDULE A and Parts 1 and 2 of SCHEDULE B.

---

## SCHEDULE B - EXCEPTIONS

Part One of Schedule B will be eliminated from any A.L.T.A. Extended Coverage Policy, A.L.T.A. Plain Language Policy, A.L.T.A. Homeowner's Policy, A.L.T.A. Expanded Coverage Residential Loan Policy and any short form versions thereof. However, the same or similar exception may be made in Schedule B of those policies in conformity with Schedule B, Part Two of this Commitment.

### Part One: (for use with 2006 ALTA policies)

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.  Any facts, rights, interests or claims which are not shown by the Public Records but which could be ascertained by an inspection of the Land or by making inquiry of persons in possession of the Land

3.  Easements, liens or encumbrances, or claims thereof, which are not shown by the Public Records.

4.  Any encroachment, encumberance, violation, variation, or adverse circumstance affecting the Title  that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing t he issuance thereof; (c) water rights, claims or title to water; whether or not the matters exceptedunder (a), (b), or (c) are shown by the Public Records.

### Part One: (for use with 1992 and prior ALTA policies)

No. 5089214

1.    Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.    Any facts, rights, interests or claims which are not shown by the public records but which could be ascertained by an inspection of the land or by making inquiry of persons in possession thereof.

3.    Easements, liens or encumbrances, or claims thereof, which are not shown by the public records.

4.    Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.    (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water; whether or not the aforementioned matters excepted are shown by the public records.

6.    Any lien, or right to a lien, for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

**REQUIREMENTS**
**(Standard)**

The following requirements must be met:
(a)    Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.
(b)    Pay us the premiums, fees and charges for the policy.
(c)    Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded.
(d)    You must tell us in writing the name of anyone not referred to in this commitment who will get interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(Continued on Requirements Page)

**CONDITIONS**

1.    **DEFINITIONS**
(a) "Mortgage" means mortgage, deed of trust or other security instrument.
(b) "Public Records" means title records that give constructive notice of matters affecting the title according to the state law where the land is located.

2.    **LATER DEFECTS**
The Exceptions in Schedule B may be amended to show any defects, liens or encumbrances that appear for the first time in the public records or are created or attached between the Commitment Date and the date on which all of the Requirements are met. We shall have no liability to you because of this amendment.

3.    **EXISTING DEFECTS**
If any defects, liens or encumbrances existing at Commitment Date are not shown in Schedule B, we may amend Schedule B to show them. If we do amend Schedule B to show these defects, liens or encumbrances, we shall be liable to you according to Paragraph 4 below unless you knew of this information and did not tell us about it in writing.

No. 5089214

4. **LIMITATION OF OUR LIABILITY**
Our only obligation is to issue to you the Policy referred to in this Commitment, when you have met its Requirements.  If we have any liability to you for any loss you incur because of an error in this Commitment, our liability will be limited to your actual loss caused by your relying on this Commitment when you acted in good faith to:

comply with the Requirements
or
eliminate with our written consent any Exceptions shown in Schedule B

We shall not be liable for more than the Amount shown in Schedule A of this Commitment and our liability is subject to the terms of the Policy form to be issued to you.

5. **CLAIMS MUST BE BASED ON THIS COMMITMENT.**
Any claims, whether or not based on negligence, which you may have against us concerning the title to the land must be based on this Commitment and is subject to its terms

---

Note: The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than the certain dollar amount set forth in any applicable arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. If you desire to review the terms of the policy, including any arbitration clause that may be included, contact the office that issued this Commitment or Report to obtain a sample of the policy jacket for the policy that is to be issued in connection with your transaction.

No. 5089214



# The First American Corporation

## PRIVACY POLICY

**We Are Committed to Safeguarding Customer Information**

In order to better serve your needs now and in the future, we may ask you to provide us with certain information. We understand that you may be concerned about what we will do with such information - particularly any personal or financial information. We agree that you have a right to know how we will utilize the personal information you provide to us. Therefore, together with our parent company, The First American Corporation, we have adopted this Privacy Policy to govern the use and handling of your personal information.

**Applicability**

This Privacy Policy governs our use of the information which you provide to us. It does not govern the manner in which we may use information we have obtained from any other source, such as information obtained from public records or from another person or entity. First American has also adopted broader guidelines that govern our use of personal information regardless of its source. First American calls these guidelines its *Fair Information Values*, a copy of which can be found on our web site at www.firstam.com.

**Types of Information**

Depending upon which of our services you are utilizing, the types of nonpublic personal information that we may collect include:

- Information we receive from you on applications, forms and in other communications to us, whether in writing, in person, by telephone or any other means;
- Information about your transactions with us, our affiliated companies, or others; and
- Information we receive from a consumer reporting agency.

**Use of Information**

We request information from you for our own legitimate business purposes and not for the benefit of any nonaffiliated party. Therefore, we will not release your information to nonaffiliated parties except: (1) as necessary for us to provide the product or service you have requested of us; or (2) as permitted by law. We may, however, store such information indefinitely, including the period after which any customer relationship has ceased. Such information may be used for any internal purpose, such as quality control efforts or customer analysis. We may also provide all of the types of nonpublic personal information listed above to one or more of our affiliated companies. Such affiliated companies include financial services providers, such as title insurers, property and casualty insurers, and trust and investment advisory companies, or companies involved in real estate services, such as appraisal companies, home warranty companies, and escrow companies. Furthermore, we may also provide all information we collect, as described above, to companies that perform marketing services on our behalf, on behalf of our affiliated companies, or to other financial institutions with whom we or our affiliated companies have joint marketing agreements.

**Former Customers**

Even if you are no longer our customer, our Privacy Policy will continue to apply.

**Confidentiality and Security**

We will use our best efforts to ensure that no unauthorized parties have access to any of your information. We restrict access to nonpublic personal information about you to those individuals and entities who need to know that information to provide products and services to you. We will use our best efforts to train and oversee our employees and agents to ensure that your information will be handled responsibly and in accordance with this Privacy Policy and First American's *Fair Information Values*. We currently maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

c2001 The First American Corporation - All Rights Reserved

No. 5089214

**First American Title Insurance Company**
**SCHEDULE A**

Address Reference:
**Maricopa, AZ**

Effective Date: **January 7, 2009** at 7:30 a.m.

1.　　Policy or (Policies) to be issued:

　　　ALTA 2006 Extended Owner's Policy   for $0.00

　　　Proposed Insured:
　　　**To Be Determined**

2.　　The estate or interest in the land described or referred to in this commitment and covered herein is fee simple and title thereto is at the effective date hereof vested in:

　　　**Rainier Resources Inc., a Delaware corporation**

3.　　Title to the estate or interest in the land upon issuance of the policy shall be vested in:

　　　**To Be Determined**

4.　　The land referred to in this Commitment is located in Maricopa County, AZ and is described as:

　　　**SEE EXHIBIT "A " ATTACHED HEREIN**

　　　　　　　Title officer: Charlie Davies/ssl @ (602)685-7745.

**Pages 1 through 5 of this document consist of the Title Insurance Commitment contract and our Privacy Policy.**

No. 5089214

# EXHIBIT "A"

PARCEL NO. 1

THAT PART OF THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 2 NORTH, RANGE 1 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF SAID SECTION 4;

THENCE WEST, ALONG THE NORTH LINE OF SAID SECTION 4, 1,052.24 FEET;

THENCE SOUTH 01 DEGREES 44 MINUTES 12 SECONDS WEST, 40.02 FEET TO THE POINT OF BEGINNING;

THENCE ALONG THE WESTERLY AND SOUTHERLY LINES OF THAT PARCEL DESCRIBED IN INSTRUMENT RECORDED MARCH 07, 1984 IN RECORDING NO. 84-094506 OF OFFICIAL RECORDS, SOUTH 01 DEGREES 44 MINUTES 12 SECONDS WEST, 1,319.58 FEET;

THENCE NORTH 89 DEGREES 50 MINUTES 32 SECONDS EAST, 386.11 FEET TO A POINT ON THE EAST LINE OF THE WEST HALF OF THE EAST HALF OF THE SOUTH HALF OF SAID NORTHEAST QUARTER;

THENCE LEAVING THE SOUTHERLY LINE OF THE AFOREMENTIONED PARCEL, SOUTH 01 DEGREES 45 MINUTES 56 SECONDS WEST, ALONG THE EAST LINE OF THE WEST HALF OF THE EAST HALF OF THE SOUTH HALF OF SAID NORTHEAST QUARTER, 1,206.09 FEET TO A POINT ON THE SOUTH LINE OF SAID NORTHEAST QUARTER;

THENCE SOUTH 89 DEGREES 45 MINUTES 05 SECONDS WEST, ALONG THE SOUTH LINE OF SAID NORTHEAST QUARTER, 994.48 FEET TO THE SOUTHWEST CORNER OF THE EAST HALF OF THE EAST HALF OF THE WEST HALF OF SAID NORTHEAST QUARTER;

THENCE NORTH 01 DEGREES 40 MINUTES 44 SECONDS EAST, ALONG THE WEST LINE OF THE EAST HALF OF THE EAST HALF OF THE WEST HALF OF SAID NORTHEAST QUARTER, AND ALONG THE WEST LINE OF THE EAST HALF OF THE EAST HALF OF LOT 2 OF SAID SECTION 4, 2528.82 FEET TO A POINT ON A LINE THAT IS 40.00 FEET SOUTH OF, AND PARALLEL TO, THE NORTH LINE OF SAID NORTHEAST QUARTER OF SECTION 4;

THENCE EAST, ALONG A LINE THAT IS 40.00 FEET SOUTH OF, AND PARALLEL TO, THE NORTH LINE OF SAID NORTHEAST QUARTER OF SECTION 4, 611.42 FEET TO THE POINT OF BEGINNING;

EXCEPT A PARCEL OF LAND LYING WITHIN SAID NORTHEAST QUARTER OF

No. 5089214

SECTION 4, AND BEING A PORTION OF THAT CERTAIN PARCEL DESCRIBED IN RECORDING NO. 87-251242 OF OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTH QUARTER CORNER OF SAID SECTION 4;

THENCE NORTH 88 DEGREES 40 MINUTES 25 SECONDS EAST, ALONG THE NORTH LINE OF SAID NORTHEAST QUARTER, 998.19 FEET;

THENCE SOUTH 00 DEGREES 09 MINUTES 14 SECONDS WEST, 40.01 FEET TO THE NORTHWEST CORNER OF SAID PARCEL ON THE SOUTH LINE OF THE NORTH 40.00 FEET OF SAID NORTHEAST QUARTER AND THE POINT OF BEGINNING;

THENCE NORTH 88 DEGREES 40 MINUTES 25 SECONDS EAST, ALONG SAID SOUTH LINE, 611.23 FEET TO THE NORTHEAST CORNER OF SAID PARCEL;

THENCE SOUTH 00 DEGREES 24 MINUTES 37 SECONDS WEST, ALONG THE EAST LINE OF SAID PARCEL, 11.65 FEET TO A POINT ON THE SOUTH LINE OF THE NORTH 51.64 FEET OF SAID NORTHEAST QUARTER;

THENCE SOUTH 88 DEGREES 40 MINUTES 25 SECONDS WEST, ALONG SAID SOUTH LINE, 545.56 FEET;

THENCE SOUTH 66 DEGREES 15 MINUTES 59 SECONDS WEST, 43.03 FEET;

THENCE SOUTH 88 DEGREES 40 MINUTES 25 SECONDS WEST, 26.26 FEET TO A POINT ON THE WEST LINE OF SAID PARCEL;

THENCE NORTH 00 DEGREES 09 MINUTES 14 SECONDS EAST, ALONG SAID WEST LINE, 28.05 FEET TO THE POINT OF BEGINNING, AS CONVEYED TO MARICOPA COUNTY IN DEED RECORDED IN RECORDING NO. 99-649780 OF OFFICIAL RECORDS; AND

EXCEPT THAT PARCEL OF LAND LYING WITHIN SAID NORTHEAST QUARTER OF SECTION 4 AND BEING A PORTION OF THAT CERTAIN PARCEL DESCRIBED IN RECORDING NO. 95-490799 OF OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTH QUARTER CORNER OF SAID SECTION 4;

THENCE NORTH 88 DEGREES 40 MINUTES 25 SECONDS EAST, ALONG THE NORTH LINE OF SAID SOUTHEAST QUARTER, 998.19 FEET;

THENCE SOUTH 00 DEGREES 09 MINUTES 14 SECONDS WEST, 40.01 FEET TO THE NORTHEAST CORNER OF SAID PARCEL ON THE SOUTH LINE OF THE NORTH 40.00 FEET OF SAID NORTHEAST QUARTER AND THE POINT OF BEGINNING;

THENCE SOUTH 00 DEGREES 09 MINUTES 14 SECONDS WEST, ALONG THE EAST LINE OF PARCEL, 28.05 FEET;

THENCE NORTH 68 DEGREES 29 MINUTES 09 SECONDS WEST, 42.26 FEET TO A

No. 5089214

POINT ON THE SOUTH LINE OF THE NORTH 51.64 FEET OF SAID NORTHEAST QUARTER;

THENCE SOUTH 88 DEGREES 40 MINUTES 25 SECONDS WEST, ALONG SAID SOUTH LINE, 455.83 FEET TO A POINT ON THE EAST LINE OF THAT PARCEL CONVEYED TO ARIZONA DEPARTMENT OF TRANSPORTATION IN RECORDING NO. 86-652262 OF OFFICIAL RECORDS;

THENCE NORTH 01 DEGREES 19 MINUTES 35 SECONDS WEST, ALONG SAID EAST LINE, 11.64 FEET TO A POINT ON THE SOUTH LINE OF THE NORTH 40.00 FEET OF SAID NORTHEAST QUARTER;

THENCE NORTH 88 DEGREES 40 MINUTES 25 SECONDS EAST, ALONG SAID SOUTH LINE, 495.50 FEET TO THE POINT OF BEGINNING, AS CONVEYED TO MARICOPA COUNTY IN DEED RECORDED IN RECORDING NO. 99-332877 OF OFFICIAL RECORDS; AND

EXCEPT THAT PORTION LYING WITHIN THE NORTH 33.00 FEET OF THE EAST HALF OF THE NORTHEAST QUARTER OF SAID SECTION 4, AS CONVEYED TO MARICOPA COUNTY, RECORDED IN BOOK 96 OF DEEDS, PAGE 375.

PARCEL NO. 2

THE WEST HALF OF THE WEST HALF OF THE NORTHEAST QUARTER AND THE WEST HALF OF THE EAST HALF OF THE WEST HALF OF THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 2 NORTH, RANGE 1 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA;

EXCEPT THE WEST 360.14 FEET (MEASURED), WEST 360.00 FEET (RECORD) OF THE NORTH 484.19 FEET (MEASURED), NORTH 484.00 FEET (RECORD); AND

EXCEPT THE NORTH 258.00 FEET OF THE WEST 460.00 FEET OF THE WEST HALF OF THE WEST HALF OF THE NORTHEAST QUARTER OF SAID SECTION 4; AND

EXCEPT THE NORTH 40.00 FEET, THEREOF; AND

EXCEPT THOSE PORTIONS THEREOF WHICH LIE NORTHERLY OF THE FOLLOWING DESCRIBED LINE;

BEGINNING AT A POINT ON THE NORTH-SOUTH MIDSECTION LINE OF SAID SECTION 4, WHICH POINT BEARS SOUTH 01 DEGREES 36 MINUTES 34 SECONDS WEST (RECORD AS SOUTH 00 DEGREES 16 MINUTES 56 SECONDS WEST ACCORDING TO ADOT PARCEL 7-4241), 55.01 FEET FROM THE NORTH QUARTER CORNER OF SAID SECTION 4;

THENCE EAST (RECORDED AS NORTH 88 DEGREES 40 MINUTES 28 SECONDS EAST, ACCORDING TO ADOT PARCEL 7-42410), 503.20 FEET;

THENCE NORTH (RECORDED AS NORTH 01 DEGREES 19 MINUTES 32 SECONDS

No. 5089214

WEST ACCORDING TO ADOT PARCEL 7-4241), 55.00 FEET TO THE POINT OF ENDING ON THE NORTH LINE OF SAID SECTION 4, WHICH POINT BEARS NORTH 88 DEGREES 40 MINUTES 28 SECONDS EAST, 501.66 FEET FROM SAID NORTH QUARTER CORNER OF SECTION 4, AS CONVEYED TO THE STATE OF ARIZONA IN DEED RECORDED IN RECORDING NO. 86-652262 OF OFFICIAL RECORDS; AND

EXCEPT THAT PARCEL OF LAND LYING WITHIN SAID NORTHEAST QUARTER OF SECTION 4 AND BEING A PORTION OF THAT CERTAIN PARCEL DESCRIBED IN RECORDING NO. 95-490799 OF OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTH QUARTER CORNER OF SAID SECTION 4;

THENCE NORTH 88 DEGREES 40 MINUTES 25 SECONDS EAST, ALONG THE NORTH LINE OF SAID NORTHEAST QUARTER, 998.19 FEET;

THENCE SOUTH 00 DEGREES 09 MINUTES 14 SECONDS WEST, 40.01 FEET TO THE NORTHEAST CORNER OF SAID PARCEL ON THE SOUTH LINE OF THE NORTH 40.00 FEET OF SAID NORTHEAST QUARTER AND THE POINT OF BEGINNING;

THENCE SOUTH 00 DEGREES 09 MINUTES 14 SECONDS WEST, ALONG THE EAST LINE OF SAID PARCEL, 28.05 FEET;

THENCE NORTH 68 DEGREES 29 MINUTES 09 SECONDS WEST, 42.26 FEET TO A POINT ON THE SOUTH LINE OF THE NORTH 51.64 FEET OF SAID NORTHEAST QUARTER;

THENCE SOUTH 88 DEGREES 40 MINUTES 25 SECONDS WEST, ALONG SAID SOUTH LINE, 455.83 FEET TO A POINT ON THE EAST LINE OF THAT PARCEL CONVEYED TO ARIZONA DEPARTMENT OF TRANSPORTATION IN RECORDING NO. 86-652262 OF OFFICIAL RECORDS;

THENCE NORTH 01 DEGREES 19 MINUTES 35 SECONDS WEST, ALONG SAID EAST LINE, 11.64 FEET TO A POINT ON THE SOUTH LINE OF THE NORTH 40.00 FEET OF SAID NORTHEAST QUARTER;

THENCE NORTH 88 DEGREES 40 MINUTES 25 SECONDS EAST, ALONG THE SOUTH LINE, 495.50 FEET TO THE POINT OF BEGINNING, AS CONVEYED TO MARICOPA COUNTY IN DEED RECORDED IN RECORDING NO. 99-332877 OF OFFICIAL RECORDS.

PARCEL NO. 3

THE EAST HALF OF THE EAST HALF OF THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 2 NORTH, RANGE 1 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA;

EXCEPT A TRACT OF LAND FOR A WELL SITE DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF SAID TRACT, 33.00 FEET WEST OF

No. 5089214

THE EAST QUARTER CORNER OF SAID SECTION 4;

THENCE NORTH 36.00 FEET TO THE NORTHEAST CORNER OF SAID TRACT;

THENCE WEST 30.00 FEET TO THE NORTHWEST CORNER OF SAID TRACT;

THENCE SOUTH 36.00 FEET TO THE SOUTHWEST CORNER OF SAID TRACT;

THENCE EAST 30.00 FEET TO THE POINT OF BEGINNING; AND

EXCEPT THAT PARCEL OF LAND LYING WITHIN SAID NORTHEAST QUARTER OF SECTION 4, AND BEING A PORTION OF THAT CERTAIN PARCEL DESCRIBED IN RECORDING NO. 88-089216 OF OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF SAID SECTION 4;

THENCE SOUTH 88 DEGREES 40 MINUTES 25 SECONDS WEST, ALONG THE NORTH LINE OF SAID NORTHEAST QUARTER, 665.46 FEET;

THENCE SOUTH 00 DEGREES 01 MINUTES 25 SECONDS WEST, 55.01 FEET TO THE NORTHWEST CORNER OF SAID PARCEL ON THE SOUTH LINE OF THE NORTH 55.00 FEET OF SAID NORTHEAST QUARTER AND THE POINT OF BEGINNING;

THENCE NORTH 88 DEGREES 40 MINUTES 25 SECONDS EAST, ALONG SAID SOUTH LINE, 32.81 FEET;

THENCE SOUTH 67 DEGREES 10 MINUTES 25 SECONDS WEST, 35.59 FEET TO A POINT ON THE WEST LINE OF SAID PARCEL;

THENCE NORTH 00 DEGREES 01 MINUTES 25 SECONDS EAST, ALONG THE WEST LINE OF SAID PARCEL, 13.05 FEET TO THE POINT OF BEGINNING, AS CONVEYED TO MARICOPA COUNTY IN FINAL JUDGMENT IN CONDEMNATION IN CV 99-10315 RECORDED IN RECORDING NO. 2000-122430 OF OFFICIAL RECORDS, RECORDING NO. 2000-209504 OF OFFICIAL RECORDS AND IN RECORDING NO. 2000-218264 OF OFFICIAL RECORDS; AND

EXCEPT THE NORTH 33.00 FEET AS CONVEYED TO MARICOPA COUNTY IN BOOK 96 OF DEEDS, PAGE 375; AND

EXCEPT THE EAST 33.00 FEET AS CONVEYED TO MARICOPA COUNTY IN DEED RECORDED IN BOOK 105 OF DEEDS, PAGE 382; AND

EXCEPT THE WEST 22.00 FEET OF THE EAST 55.00 FEET, AND THE SOUTH 22.00 FEET OF THE NORTH 55.00 FEET, AND BEGINNING AT THE POINT OF INTERSECTION OF THE SOUTH LINE OF THE NORTH 55.00 FEET AND THE WEST LINE OF THE EAST 55.00 FEET OF SAID EAST ONE-HALF OF THE EAST ONE-HALF OF THE NORTHEAST ONE-QUARTER OF SECTION 4;

THENCE SOUTH 15.00 FEET ALONG SAID WEST LINE OF THE EAST 55.00 FEET TO A

No. 5089214

POINT;

THENCE IN A NORTHWESTERLY DIRECTION TO A POINT ON SAID SOUTH LINE OF THE NORTH 55.00 FEET THAT IS 15.00 FEET WEST FROM SAID POINT OF INTERSECTION;

THENCE EAST TO THE POINT OF INTERSECTION AS CONVEYED TO MARICOPA COUNTY AS RECORDED IN RECORDING NO. 88-089217 OF OFFICIAL RECORDS.

PARCEL NO. 4

THE EAST HALF OF THE WEST HALF OF THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 2 NORTH, RANGE 1 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA;

EXCEPT THE NORTH 33.00 FEET AS CONVEYED TO MARICOPA COUNTY RECORDED IN BOOK 96 OF DEEDS, PAGE 375; AND

EXCEPT THE SOUTH 7.00 FEET OF THE NORTH 40.00 FEET THEREOF, AS DEEDED TO MARICOPA COUNTY BY QUIT CLAIM DEED RECORDED JULY 16 IN DOCKET 2539, PAGE 134; AND ALSO

EXCEPT A PART OF THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 2 NORTH, RANGE 1 EAST OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA, MORE FULLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF SAID SECTION 4;

THENCE WEST ALONG THE NORTH LINE OF SAID SECTION A DISTANCE OF 715.49 FEET;

THENCE SOUTH 01 DEGREES 46 MINUTES 37 SECONDS WEST (MEASURED) SOUTH 01 DEGREES 45 MINUTES 56 SECONDS WEST (RECORD) A DISTANCE OF 40.02 FEET TO A POINT ON THE SOUTH RIGHT OF WAY LINE OF NORTHERN AVENUE AND THE TRUE POINT OF BEGINNING;

THENCE CONTINUING SOUTH 01 DEGREES 46 MINUTES 37 SECONDS WEST (MEASURED) SOUTH 01 DEGREES 45 MINUTES 56 SECONDS WEST (RECORD) A DISTANCE OF 362.00 FEET;

THENCE EAST A DISTANCE OF 50.00 FEET TO A POINT ON THE EAST LINE OF THE WEST HALF OF THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER OF SAID SECTION 4:

THENCE SOUTH 01 DEGREES 46 MINUTES 37 SECONDS WEST (MEASURED) SOUTH 01 DEGREES 45 MINUTES 56 SECONDS WEST (RECORD) ALONG SAID EAST LINE A DISTANCE OF 864.48 FEET TO THE SOUTHEAST CORNER OF SAID WEST HALF OF THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER;

No. 5089214

THENCE SOUTH 89 DEGREES 51 MINUTES 13 SECONDS WEST (MEASURED) SOUTH 89 DEGREES 50 MINUTES 32 SECONDS WEST (RECORD) A DISTANCE OF 10.00 FEET;

THENCE SOUTH 01 DEGREES 45 MINUTES 56 SECONDS WEST A DISTANCE OF 92.05 FEET;

THENCE SOUTH 89 DEGREES 51 MINUTES 13 SECONDS WEST, A DISTANCE OF 376.13 FEET (MEASURED) SOUTH 89 DEGREES 50 MINUTES 32 SECONDS WEST A DISTANCE OF 376.11 FEET (RECORD);

THENCE NORTH 01 DEGREES 44 MINUTES 53 SECONDS EAST (MEASURED) NORTH 01 DEGREES 44 MINUTES 12 SECONDS EAST (RECORD) A DISTANCE OF 1,319.58 FEET TO A POINT 40.02 FEET SOUTH OF THE NORTH SECTION LINE AND ON THE SOUTH RIGHT OF WAY LINE OF SAID NORTHERN AVENUE;

THENCE EAST ALONG SAID RIGHT OF WAY LINE A DISTANCE OF 336.74 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL NO. 5

BEING A PARCEL OF LAND SITUATED IN THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 2 NORTH, RANGE 1 EAST, OF THE GILA AND SALT RIVER BASE AND MERIDIAN, MARICOPA COUNTY, ARIZONA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF SAID SECTION 4;

THENCE WEST, ALONG THE NORTH LINE OF SAID SECTION 4, A DISTANCE OF 715.49 FEET;

THENCE SOUTH 01 DEGREES 46 MINUTES 37 SECONDS WEST (MEASURED), (SOUTH 01 DEGREES 45 MINUTES 56 SECONDS WEST RECORD) A DISTANCE OF 402.02 FEET;

THENCE EAST, A DISTANCE OF 50.02 FEET (MEASURED) (50.00 FEET RECORD) TO A POINT IN THE EAST LINE OF THE WEST HALF OF THE NORTHEAST QUARTER OF SAID SECTION 4;

THENCE ALONG SAID EAST LINE, SOUTH 01 DEGREES 46 MINUTES 37 SECONDS WEST, (MEASURED) (SOUTH 01 DEGREES 45 MINUTES 56 SECONDS WEST RECORD) A DISTANCE OF 864.48 FEET TO THE POINT OF BEGINNING;

THENCE SOUTH 89 DEGREES 51 MINUTES 13 SECONDS WEST, (MEASURED) (SOUTH 89 DEGREES 50 MINUTES 32 SECONDS WEST RECORD) A DISTANCE OF 10.00 FEET;

THENCE SOUTH 01 DEGREES 46 MINUTES 37 SECONDS WEST (MEASURED), (SOUTH 01 DEGREES 45 MINUTES 56 SECONDS WEST RECORD) A DISTANCE OF 92.13 FEET (MEASURED) (92.05 FEET RECORD);

No. 5089214

THENCE NORTH 89 DEGREES 51 MINUTES 13 SECONDS EAST, A DISTANCE OF 10.00 FEET TO A POINT IN SAID EAST LINE OF THE WEST HALF OF THE NORTHEAST QUARTER OF SAID SECTION 4;

THENCE ALONG SAID EAST LINE, NORTH 01 DEGREES 46 MINUTES 37 SECONDS EAST, A DISTANCE OF 92.13 FEET TO THE POINT OF BEGINNING.

No. 5089214

**First American Title Insurance Company**

**SCHEDULE B**

**PART TWO:**

1.  Second installment of 2008 taxes, a lien, payable on or before March 1, 2009, and delinquent May 1, 2009.

2.  The liabilities and obligations imposed upon said land by reason of: (a) inclusion thereof within the boundaries of the Salt River Project Agricultural Improvement and Power District; (b) membership of the owner thereof in the Salt River Valley Water Users' Association, an Arizona corporation and (c) the terms of any Water Right Application made under the reclamation laws of the United States for the purpose of obtaining water rights for said land. (All assessments due and payable are paid.)

3.  Reservations or Exceptions in Patents, or in Acts authorizing the issuance thereof.

4.  All matters as set forth in Declaration of Restrictive Covenant, recorded June 02, 2003 as 2003-703150 of Official Records.

    (Affects Parcel No. 1, 2, 3 and 4)

5.  The following matters disclosed by an ALTA/ACSM survey made by Thunderbird Surveying LLC on October 30, 2008, designated Job No. 08-122:

    a. 5 foot concrete irrigation ditch along the North line of Parcel Nos. 1, 2, 3 and 4.

No. 5089214

6.      Water rights, claims or title to water, whether or not shown by the public records.

**End of Schedule B**

No. 5089214

**First American Title Insurance Company**

<u>REQUIREMENTS:</u>

1.   Compliance with A.R.S. 11-480 relative to all documents to be recorded in connection herewith.  See note at end of this section for details.

2.   First half of 2008 taxes are paid in full.

NOTE:  Taxes are assessed in the total amount of $70,073.80 for the year 2008 under Assessor's Parcel No. 142-56-003K 9.

(Affects Parcel No. 1)

NOTE:  Taxes are assessed in the total amount of $1,120.46 for the year 2008 under Assessor's Parcel No. 142-56-001L 3.

(Affects Parcel No. 2)

NOTE:  Taxes are assessed in the total amount of $2,196.70 for the year 2008 under Assessor's Parcel No. 142-56-011B 1.

(Affects Parcel No. 3)

NOTE:  Taxes are assessed in the total amount of $625.38 for the year 2008 under Assessor's Parcel No. 142-56-018G 8.

(Affects Parcel No. 4)

NOTE:  Taxes are assessed in the total amount of $98.94 for the year 2008 under Assessor's Parcel No. 142-56-003H 4.

(Affects Parcel No. 5)

No. 5089214

3.    Payment in full of all assessments, late charges, transfer fees, and any other amounts due
      SALT RIVER VALLEY WATER USER'S ASSOCIATION.
      NOTE:  Send request to:

                SALT RIVER PROJECT
                P.O. Box 52149
                Phoenix, AZ  85072-2149
                (602) 236-5366
                Fax:  (602) 236-5082


4.    Furnish Plat of Survey of the subject property by a Registered Land Surveyor in
      accordance with the "Minimum Standard Detail Requirements for ALTA/ACSM Land
      Title Surveys" as currently established.  Said Plat of Survey shall include the
      recommended certification and, at the minimum, also have shown thereon Items 1, 6, 8,
      10, 11(b), 16, 17 and 18 from Table A thereof.

      NOTE:  If a Zoning Endorsement is requested, Items 7(a), 7(b) and 7(c) of Table A will
      also be required.  If "parking" is to be added to the endorsement, the number and type of
      parking spaces must be shown on the survey.  Property use information must also be
      provided to First American Title Insurance Company.

      NOTE: Please revise the survey in order to correct the last distance on Parcel No. 5 from
      " 62.13" feet to "92.13" feet (shown on Sheet 1 of 4).

      NOTE: Although the certification includes "Table A" Item No. 11(b), Note number 3 on
      Sheet 1 of 4 discloses that this is an above-ground survey and does not mention whether
      plans by utility companies were reviewed. If the plans were reviewed, please indicate as
      such and Item 6b of Schedule B will be omitted or revised. Thank You.

      **(REQUIREMENT SATISFIED)**

5.    Furnish copies of any existing leases affecting the within described property and insertion
      of said leases in Schedule B of the Policy of Title Insurance.

      **(REQUIREMENT SATISFIED)**

6.    Proper showing that Rainier Resources Inc., has been duly incorporated under the laws of
      the State of Delaware and is now in good standing and authorized to transact business in
      said State.

7.    Furnish a certified copy of a resolution by the Board of Directors of Rainier Resources
      Inc., attested to by its secretary, authorizing this transaction and naming the officers
      authorized to execute the instruments necessary to complete this transaction.

No. 5089214

8.   Furnish the names of parties to be insured herein and disposition of any matters disclosed thereby.

9.   Record Warranty Deed from Rainier Resources Inc., a Delaware corporation to Buyer(s).

     NOTE:  If this will be other than a Cash Transaction, notify the title department prior to close and additional requirements will be made.

     NOTE:  In connection with Arizona Revised Statutes 11-480, as of January 1, 1991, the County Recorder may not accept documents for recording that do not comply with the following:
     a.   Print must be ten-point type or larger.
     b.   A margin of two inches at the top of the first page for recording and return address information and margins of one-half inch along other borders of every page.
     c.   Each instrument shall be no larger than 8-1/2 inches in width and 14 inches in length.

10.   Return to title department for final recheck before recording.

     DISCLOSURE NOTE:  In the event any Affidavit required pursuant to A.R.S. § 33-422 has been, or will be, recorded pertaining to the land, such Affidavit is not reflected in this Commitment nor will it be shown in any policy to be issued in connection with this Commitment.

**End of Requirements**

Hold for Pickup FC

PARCEL I SE¼



When recorded return to:

Stephen D. Li, Esq.
Quarles & Brady Streich Lang LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2003-0703150 06/02/03 15:39
1 OF 4
ALANIZE

## DECLARATION OF RESTRICTIVE COVENANT

THIS DECLARATION OF RESTRICTIVE COVENANT ("Declaration") is made this 17ᵗʰ day of December, 2002, by 91ˢᵀ & NORTHERN SWC, L.L.C., an Arizona limited liability company ("Declarant").

### RECITALS

A.    Declarant is the sole owner of that certain real property described on Exhibit "A" attached hereto and made a part hereof (the "Agricultural Property").

B.    The Peoria Unified School District No. 11 of Maricopa County, Arizona (the "District"), owns that certain real property described on Exhibit "B" attached hereto and made a part hereof (the "District Property") which is located near or adjacent to the Agricultural Property.

C.    The District intends to construct a school on the District Property and, pursuant to A.R.S. 15-341(D), Declarant has agreed to impose certain restrictions on the Agricultural Property.

D.    Declarant intends that the present and future owners, tenants and occupants of the Agricultural Property shall at all times enjoy the benefits of and shall hold their interests subject to, the restrictions hereinafter set forth, all of which shall run with the land and be binding upon the Agricultural Property and all parties having or holding any right, title or interest in and/or to the Agricultural Property or any part thereof, and shall inure to the benefit of the owner of the District Property.

### COVENANTS

NOW THEREFORE, Declarant, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and for the purposes hereinafter set forth, hereby imposes the following restrictions on the Agricultural Property and agrees as follows:

1.    Pursuant to A.R.S. § 15-341(D), Declarant shall not (a) apply odoriferous pesticides profenofos, sulprofos, def and merphos and other pesticides with similar odoriferous characteristics within one-fourth mile of the District Property, except by soil injection, (b) apply highly toxic pesticides or paraquat within one-fourth mile of the District Property unless authorized activities at the school are scheduled to occur before the reentry time period assigned

QBPHX\740485.30064\1681902.1

9

20030703150

to the pesticide by provisions of the product label elapses or (c) allow the application of pesticides in such a way as to cause drift within the boundaries of the District Property.

2.      This Declaration and the restrictions imposed on the Agricultural Property shall be binding upon the present and future owners, tenants and occupants of the Agricultural Property, including the successors and assigns of Declarant, and shall run with the land and be binding upon the Agricultural Property and shall be for the benefit of the District and its successors and assigns and the property owned by the District.

3.      Declarant owns the Agricultural Property and no other consent or authorization is required to execute this Declaration.

4.      In the event of a breach of any of the restrictions contained in this Declaration, the District and its successors and assigns shall be entitled to exercise, at its option, concurrently, successively, or in any combination, all remedies available at law or in equity, including without limitation any one or more of the following: (i) the right to seek specific performance of Declarant's duties and obligations under this Declaration, (ii) the right to bring an action against Declarant for any damages sustained by the District and its successors and assigns, and (iii) the right to enjoin Declarant from actions that result in (or that might reasonably be expected to result in) a breach of this Declaration. In the event of any judicial or other adversarial proceeding is brought to enforce the terms of this Declaration, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees and other costs in addition to any other relief to which it may be entitled.

5.      The District and its successors and assigns shall be express beneficiaries of this Declaration and entitled to enforce the terms and conditions of this Declaration.

6.      This Declaration may be amended, modified or terminated only upon the express written agreement of Declarant and the District, or the then current owners of the Agricultural Property and the District Property.

IN WITNESS WHEREOF, Declarant has executed this Declaration as of the date set forth above.

DECLARANT:

91ST & NORTHERN SWC, L.L.C., an
Arizona limited liability company

By _____
Name  STEVEN SCHNITZER
Title   MEMBER

-2-

QBPHX\740485.30064\1681902.1

STATE OF    _ARIZONA_    )
                         ) ss.
COUNTY OF   _MARICOPA_   )

The foregoing instrument was acknowledged before me on _DECEMBER 13_, 2002, by _STEVEN Schnitzer_, the _MEMBER_ of 91ST & NORTHERN SWC, L.L.C., an Arizona limited liability company.

_____
Notary Public

My Commission Expires:

_____

DANA ANDERSON
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
OCTOBER 8, 2006

QBPHX\740485.30064\1681902.1

20030703150

EXHIBIT "A"

LEGAL DESCRIPTION

Parcel No. 1:

That part of the Northeast quarter of Section 4, Township 2 North, Range 1 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona, described as follows:

Commencing at the Northeast corner of said Section 4;

thence West, along the North line of said Section 4, 1052.24 feet;

thence South 01 degree 44 minutes 12 seconds West, 40.02 feet to the Point of Beginning;

thence along the Westerly and Southerly lines of that parcel described in instrument recorded March 7, 1984 in Recording No. 84-094506, South 01 degree 44 minutes 12 seconds West, 1319.58 feet;

thence North 89 degrees 50 minutes  32 seconds East, 386.11 feet to a point on the East line of the West half of the East half of the South half of said Northeast quarter;

thence leaving the Southerly line of the aforementioned parcel, South 01 degree 45 minutes 56 seconds West, along the East line of the West half of the East half of the South half of said Northeast quarter, 1206.09 feet to a point on the South line of said Northeast quarter;

thence South 89 degrees 45 minutes 05 seconds West, along the South line of said Northeast quarter, 994.48 feet to the Southwest corner of the East half of the East half of the West half of said Northeast quarter;

thence North 01 degree 40 minutes 44 seconds East, along the West line of the East half of the East half of the West half of said Northeast quarter, and along the West line of the East half of the East half of Lot 2 of said Section 4, 2528.82 feet to a point on a line that is 40.00 feet South of, and parallel to, the North line of said Northeast quarter of Section 4;

thence East, along a line that is 40.00 feet South of, and parallel to, the North line of said Northeast quarter of Section 4, 611.42 feet to the Point of Beginning;

Except a parcel of land lying within said Northeast quarter of Section 4, and being a portion of that certain parcel described in Recording No. 87-251242, described as follows:

Commencing at the North quarter corner of said Section 4;

thence North 88 degrees 40 minutes 25 seconds East, along the North line of said

Legal Description - Continued

1 of 5

20030703150

## LEGAL DESCRIPTION - CONTINUED

Northeast quarter, 998.19 feet;

thence South 00 degrees 09 minutes 14 seconds West, 40.01 feet to the Northwest corner of said parcel on the South line of the North 40.00 feet of said Northeast quarter and the Point of Beginning;

thence North 88 degrees 40 minutes 25 seconds East, along said South line, 611.23 feet to the Northeast corner of said parcel;

thence South 00 degrees 24 minutes 37 seconds West, along the East line of said parcel, 11.65 feet to a point on the South line of the North 51.64 feet of said Northeast quarter;

thence South 88 degrees 40 minutes 25 seconds West, along said South line, 545.56 feet;

thence South 66 degrees 15 minutes 59 seconds West, 43.03 feet;

thence South 88 degrees 40 minutes 25 seconds West, 26.26 feet to a point on the West line of said parcel;

thence North 00 degrees 09 minutes 14 seconds East, along said West line, 28.05 feet to the point of beginning, as conveyed to Maricopa County in Deed recorded in Recording No. 99-649780; and

Except that parcel of land lying within said Northeast quarter of Section 4 and being a portion of that certain parcel described in Recording No. 95-490799, described as follows:

Commencing at the North quarter corner of said Section 4;

thence North 88 degrees 40 minutes 25 seconds East, along the North line of said Southeast quarter, 998.19 feet;

thence South 00 degrees 09 minutes 14 seconds West, 40.01 feet to the Northeast corner of said parcel on the South line of the North 40.00 feet of said Northeast quarter and the Point of Beginning;

thence South 00 degrees 09 minutes 14 seconds West, along the East line of parcel, 28.05 feet;

thence North 68 degrees 29 minutes 09 seconds West, 42.26 feet to a point on the South line of the North 51.64 feet of said Northeast quarter;

thence South 88 degrees 40 minutes 25 seconds West, along said South line, 455.83 feet to a point on the East line of that parcel conveyed to Arizona Department of Transportation in Recording No. 86-652262;

thence North 01 degree 19 minutes 35 seconds West, along said East line, 11.64

20030703150

## LEGAL DESCRIPTION - CONTINUED

feet to a point on the South line of the North 40.00 feet of said Northeast quarter;

thence North 88 degrees 40 minutes 25 seconds East, along said South line, 495.50 feet to the Point of Beginning, as conveyed to Maricopa County in Deed recorded in Recording No. 99-332877; and

Except that portion lying within the North 33 feet of the East half of the Northeast quarter of said Section 4, as conveyed to Maricopa County in Book 96 of Deeds, page 375

Parcel No. 2:

The West half of the West half of the Northeast quarter and the West half of the East half of the West half of the Northeast quarter of Section 4, Township 2 North, Range 1 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona;

Except the West 360.14 feet (measured), West 360.00 feet (record) of the North 484.19 feet (measured), North 484.00 feet (record); and

Except the North 258.00 feet of the West 460.00 feet of the West half of the West half of the Northeast quarter of said Section 4; and

Except the North 40.00 feet, thereof; and

Except those portions thereof which lie Northerly of the following described line;

Beginning at a point on the North-South midsection line of said Section 4, which point bears South 01 degree 36 minutes 34 seconds West (record as South 00 degrees 16 minutes 56 seconds West according to ADOT Parcel 7-4241), 55.01 feet from the North quarter corner of said Section 4;

thence East (recorded as North 88 degrees 40 minutes 28 seconds East, according to ADOT Parcel 7-42410), 503.20 feet;

thence North (recorded as North 01 degree 19 minutes 32 seconds West according to ADOT Parcel 7-4241), 55.00 feet to the point of ending on the North line of said Section 4, which point bears North 88 degrees 40 minutes 28 seconds East, 501.66 feet from said North quarter corner of Section 4, as conveyed to the State of Arizona in Deed recorded in Recording No. 86-652262; and

Except that parcel of land lying within said Northeast quarter of Section 4 and being a portion of that certain parcel described in Recording No. 95-490799, described as follows:

3 of 5

20030703150

## LEGAL DESCRIPTION - CONTINUED

Commencing at the North quarter corner of said Section 4;

thence North 88 degrees 40 minutes 25 seconds East, along the North line of said Northeast quarter, 998.19 feet;

thence South 00 degrees 09 minutes 14 seconds West, 40.01 feet to the Northeast corner of said parcel on the South line of the North 40.00 feet of said Northeast quarter and the Point of Beginning;

thence South 00 degrees 09 minutes 14 seconds West, along the East line of said parcel, 28.05 feet;

thence North 68 degrees 29 minutes 09 seconds West, 42.26 feet to a point on the South line of the North 51.64 feet of said Northeast quarter;

thence South 88 degrees 40 minutes 25 seconds West, along said South line, 455.83 feet to a point on the East line of that parcel conveyed to Arizona Department of Transportation in Recording No. 86-652262;

thence North 01 degree 19 minutes 35 seconds West, along said East line, 11.64 feet to a point on the South line of the North 40.00 feet of said Northeast quarter;

thence North 88 degrees  40 minutes 25 seconds East, along the South line, 495.50 feet to the Point of Beginning, as conveyed to Maricopa County in Deed recorded in Recording No. 99-332877.


Parcel No. 3:

The East half of the East half of the Northeast quarter of Section 4, Township 2 North, Range 1 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona;

Except a tract of land for a well site described as follows:

Beginning at the Southeast corner of said Tract, 33 feet West of the East quarter corner of said Section 4;

thence North 36 feet to the Northeast corner of said Tract;

thence West 30 feet to the Northwest corner of said Tract;

thence South 36 feet to the Southwest corner of said Tract;

thence East 30 feet to the Point of Beginning; and

Except that parcel of land lying within said Northeast quarter of Section 4, and

20030703150

## LEGAL DESCRIPTION - CONTINUED

being a portion of that certain parcel described in Recording No. 88-089216, described as follows:

Commencing at the Northeast corner of said Section 4;

thence South 88 degrees 40 minutes 25 seconds West, along the North line of said Northeast quarter, 665.46 feet;

thence South 00 degrees 01 minute 25 seconds West, 55.01 feet to the Northwest corner of said parcel on the South line of the North 55.00 feet of said Northeast quarter and the Point of Beginning;

thence North 88 degrees 40 minutes 25 seconds East, along said South line, 32.81 feet;

thence South 67 degrees 10 minutes 25 seconds West, 35.59 feet to a point on the West line of said parcel;

thence North 00 degrees 01 minute 25 seconds East, along the West line of said parcel, 13.05 feet to the Point of Beginning, as conveyed to Maricopa County in Final Judgment in Condemnation in CV 99-10315 recorded in Recording No. 2000122430, Recording No. 20000209504, and in Recording No. 20000218264; and

Except the North 33 feet as conveyed to Maricopa County in Book 96 of Deeds, page 375; and

Except the East 33 feet as conveyed to Maricopa County in Deed recorded in Book 105 of Deeds, page 382; and

Except the South 7 feet of the North 40 feet as conveyed to Maricopa County in Deed recorded in Docket 2276, page 362; and

Except the West 7 feet of the East 40 feet as conveyed to Maricopa County in Deed recorded in Docket 2491, page 201.

20030703150

**Exhibit "B"**

**Legal Description of District Property**

A portion of the West half of the Northwest quarter of Section 3, Township 2 North, Range 1 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona, more particularly described as follows:

Commencing at the second of the Northwest quarter of said Section 3;

thence North 89 degrees 19 minutes 13 seconds West, along the Southerly line of the Northwest quarter of said Section 3, a distance of 1322.54 feet to the True Point of Beginning, said point also being the second of the West half of the Northwest quarter of said Section 3;

thence continuing North 89 degrees 19 minutes 13 seconds West, a distance of 1282.53 feet to a point 40 feet Easterly of the West line of the Northwest quarter of said Section 3;

thence North 01 degree 47 minutes 17 seconds East, parallel with and 40.00 feet Easterly of the West line of the Northwest quarter of said Section 3, a distance of 1522.81 feet;

thence East, a distance of 1279.99 feet to a point on the East line of the West half of the Northwest quarter of said Section 3;

thence South 01 degree 40 minutes 45 seconds West, along the East line of the West half of the Northwest quarter of said Section 3, a distance of 1537.94 feet to the Point of Beginning.