**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

TOHONO O'ODHAM NATION,                          )
                                                )
      Plaintiff,                                )
                                                )
    v.                                        )
                                                )
KENNETH L. SALAZAR, in his official             )          Civil Action No. 1:10-cv-472-JDB
capacity as Secretary of the United States      )
  Department of the Interior,                   )
                                                )
                                                )
      Defendant.                               )
_____)
                                                )
THE CITY OF GLENDALE,                           )
                                                )
      Defendant-Intervenor.                    )
_____)

## ANSWER OF DEFENDANT-INTERVENOR CITY OF GLENDALE

Defendant-Intervenor the City of Glendale, Arizona (the "City" or "Defendant-Intervenor"), by and through its undersigned counsel, respectfully answers the Complaint and Petition for Writ of Mandamus of Plaintiff the Tohono O'odham Nation ("Tohono" or "Plaintiff") and states its affirmative defenses as follows:

1.     Defendant-Intervenor admits that plaintiff is a federally recognized Indian tribe located in southern and central Arizona.  The remainder of Paragraph 1 is plaintiff's characterization of its claims, to which no response is required.  To the extent a response is required, the remainder of Paragraph 1 is denied.

2.     Defendant-Intervenor admits the allegations contained in Paragraph 2.

3.     Defendant-Intervenor admits the allegation in the first and third sentences of

Paragraph 3.  The second sentence of paragraph 3 states a legal conclusion to which no response is required.  To the extent a response is required, the second sentence of Paragraph 3 is denied.

4.      Paragraph 4 states legal conclusions and jurisdictional allegations to which no response is required.  To the extent a response is required, Defendant-Intervenor denies the allegations in Paragraph 4.

5.      Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenor admits that venue is proper in this district. Except as admitted, the allegations of Paragraph 5 are denied.

6.      Defendant-Intervenor admits that the plaintiff is a federally recognized Indian tribe.  Defendant-Intervenor lacks sufficient knowledge and information to respond to the remainder of Paragraph 6.

7.      Defendant-Intervenor admits that prior to 1986, the Tohono counted among its reservation lands approximately 10,000 acres along the Gila River.  Defendant-Intervenor lacks sufficient knowledge and information to respond to the remainder of Paragraph 7.

8.      Defendant-Intervenor denies Paragraph 8 as stated.  Defendant-Intervenor admits that Congressional findings indicated that by October 1983, 5,962 acres of arable land within the Gila Bend Reservation were found to be unsuitable for agriculture, and the remaining acreage was of little or no economic value partly as a result of flooding caused by the Painted Rock Dam. Defendant-Intervenor also admits that flooding caused by the Painted Rock Dam damaged a 750-acre farm and left affected areas unfit for habitation.

9.      Defendant-Intervenor denies Paragraph 9 as stated.  Defendant-Intervenor admits that Congress determined that the tribe members displaced by the flooding of the Gila Bend Reservation experienced social and economic problems including poverty, unemployment, and

2

illness, and that the "principal purpose of the legislation [was] to provide suitable alternative lands and economic opportunity for the [effected members of the] tribe."  H.R. Rep. No. 9-851, at 9 (1986).

10.    Defendant-Intervenor denies the first sentence of Paragraph 10.  The second sentence of Paragraph 10 contains plaintiff's characterization of statutory language to which no response is required.  To the extent a response is required, Defendant-Intervenor admits the second sentence of Paragraph 10.

11.    Paragraph 11 contains plaintiff's characterization of statutory provisions to which no response is required.  To the extent that a response is required, Defendant-Intervenor admits that the Act contained, among other provisions, provisions giving the plaintiff $30 million in exchange for "all right, title, and interest of the Tribe in nine thousand eight hundred and eighty acres of land within the Gila Bend Indian Reservation, " Gila Bend Act, § 4(a), and waiver of "any and all claims of water rights or injuries to land or water rights (including rights to both surface and ground water) with respect to the lands of the Gila Bend Indian Reservation."  Gila Bend Act, § 9(a).  The Act also authorized the Secretary to take into trust lands acquired by the plaintiff in accordance with the specific terms and criteria set forth in the Act.  Except as admitted, Defendant-Intervenor denies the allegations of Paragraph 11.

12.    Paragraph 12 is denied as stated.  Defendant-Intervenor admits that in 1987, the plaintiff executed a document in which it relinquished any title to and interest in the Gila Bend Reservation lands to the United States and waived the claims specified in section 9(a) of the Act.

13.    Paragraph 13 contains plaintiff's characterization of statutory provisions to which no response is required.  To the extent that a response is required, Defendant-Intervenor admits that the quoted language appears in the Act.  Except as admitted, the allegations of Paragraph 13

are denied.

14.     Paragraph 14 contains plaintiff's characterization of statutory provisions to which no response is required.  To the extent that a response is required, Defendant-Intervenor admits Defendant-Intervenor admits that the quoted language appears in the Act.  Except as admitted, the allegations of Paragraph 14 are denied.

15.     Paragraph 15 is denied as stated.  Defendant-Intervenor admits that in connection with a different property in a separate and long-concluded transaction, the Department determined that the property involved in that transaction was to be taken into trust as a mandatory acquisition.  Except as admitted, the allegations in Paragraph 15 are denied.

16.     The first sentence of Paragraph 16 is denied as stated.  Defendant-Intervenor admits that on or about January 28, 2009, the plaintiff submitted an application requesting that the Secretary hold in trust parcels totaling approximately 135 acres and located wholly within the boundaries of the City of Glendale, of which approximately 80 acres are presently unincorporated.  Defendant-Intervenor lacks sufficient knowledge and information to admit or deny the second sentence of Paragraph 16.

17.     The allegations contained in Paragraph 17 are denied.

18.     Defendant-Intervenor denies the allegations of Paragraph 18, except that it admits the Secretary has made no decision and taken no final action with respect to the plaintiff's trust application.

19.     Defendant-Intervenor admits that the plaintiff desires to use the property it owns in Glendale as a gaming facility.  Defendant-Intervenor otherwise denies the allegations in the first sentence of Paragraph 19.  Defendant-Intervenor lacks sufficient knowledge and information to admit or deny the allegations in the second sentence of Paragraph 19.  Defendant-Intervenor

4

admits that it is opposed to both the requested trust acquisition and any use of the property as a gaming facility.  Defendant-Intervenor otherwise denies the allegations in the third sentence of Paragraph 19.  Defendant-Intervenor denies the allegations in the fourth sentence of Paragraph 19.

20.     Defendant-Intervenor admits that the plaintiff's property in Glendale fails to satisfy section 6(d) of the Gila Bend Act and is therefore not eligible to be taken into trust under the Act.  Defendant-Intervenor also admits that in June 2009 the City enacted an ordinance that recognized that a portion of the plaintiff's property in Glendale had been incorporated by operation of law pursuant to a prior annexation proceeding, and that the plaintiff subsequently sued Glendale in the Superior Court of Maricopa County.  Defendant-Intervenor avers that the Superior Court granted summary judgment to Glendale, upholding the June 2009 ordinance. Except as admitted, the allegations of Paragraph 20 are denied.

21.     Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 21 and, therefore, denies the same.

22.     Defendant-Intervenor admits that the Arizona House of Representatives passed, and the Arizona Senate may consider, legislation which would allow Arizona cities to annex certain lands under specified circumstances without obtaining approval of the owners of more than 50 percent in value of the affected land.  Defendant-Intervenor denies the remainder of Paragraph 22.

23.     Defendant-Intervenor denies the first sentence of Paragraph 23.  Defendant-Intervenor has insufficient information regarding the remaining allegations contained in Paragraph 23 and, therefore, denies the same.

24.     Portions of the first and third sentences of Paragraph 24 contain legal conclusions

concerning Congressional intent and the Secretary's duties and are denied.  Defendant-Intervenor

lacks sufficient knowledge and information concerning the remaining allegations and therefore

denies them.

25.     Defendant-Intervenor has insufficient information regarding the allegations

contained in Paragraph 25 and, therefore, denies the same.

26.     The allegations contained in Paragraph 26 are denied.

27.     In response to Paragraph 27, Defendant-Intervenor incorporates by reference its

responses to Paragraphs 1-26 above.

28.     Defendant-Intervenor admits that plaintiff filed a trust application on or about

January 28, 2009 requesting that the Secretary hold in trust the property the plaintiff purchased in

Glendale and that the plaintiff asserted that Secretary should take the property into trust pursuant

to the Gila Bend Act.  Except as admitted, Defendant-Intervenor denies the allegations in

Paragraph 28.

29.     The allegations contained in Paragraph 29 are denied.

30.     Defendant-Intervenor has insufficient information regarding the allegations

contained in Paragraph 30 and, therefore, denies the same.

31.     Defendant-Intervenor has insufficient information regarding the allegations

contained in Paragraph 31 and, therefore, denies the same.

32.     Paragraph 32 contains legal assertions or conclusions to which no response is

required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

33.     The allegations contained in Paragraph 33 are denied.

34.     The allegations contained in Paragraph 34 are denied.

35.     The allegations contained in Paragraph 35 are denied.

\\\DC - 030140/000003 - 3059624 v1

36.     In response to Paragraph 36, Defendant-Intervenor incorporates by reference its responses to Paragraphs 1-35 above.

37.     Paragraph 37 contains legal assertions or conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

38.     The allegations contained in Paragraph 38 are denied.

39.     The allegations contained in Paragraph 39 are denied.

40.     The allegations contained in Paragraph 40 are denied.

41.     In response to Paragraph 41, Defendant-Intervenor incorporates by reference its responses to Paragraphs 1-40 above.

42.     Paragraph 42 contains legal assertions or conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

43.     Paragraph 43 contains legal assertions or conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

44.     Paragraph 44 contains legal assertions or conclusions to which no responsive pleading is required.  To the extent a response is required, Defendant-Intervenor denies the allegations.

45.     The allegations contained in Paragraph 45 are denied.

46.     The allegations contained in Paragraph 46 are denied.

Prayer for Relief, Paragraphs 1-4:  Defendant-Intervenor denies that Plaintiff is entitled to any of the relief requested in its Complaint.

\\\DC - 030140/000003 - 3059624 v1

Defendant-Intervenor denies any and all allegations in the Complaint that are not specifically admitted.

AFFIRMATIVE DEFENSES

Defendant-Intervenor asserts the following affirmative defenses to the Complaint.  In asserting these affirmative defenses, Defendant-Intervenor does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

1.      The Court lacks subject matter jurisdiction over Plaintiff's claims.

2.      Plaintiff has failed to state a claim upon which relief may be granted.

3.      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to exhaust its administrative remedies.

Defendant-Intervenor reserves the right to assert additional affirmative defenses that are appropriate as revealed during the course of this litigation.

WHEREFORE, Defendant-Intervenor the City of Glendale respectfully requests  that this Court deny plaintiff's requests for relief and dismiss this action with prejudice.

Respectfully submitted,


s/Audrey E. Moog
Audrey E. Moog, DC Bar No. 468600
Dana Carver Boehm, DC Bar No. 494865
HOGAN & HARTSON, LLP
555 Thirteenth Street, NW
Washington, DC  20004-1109
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910

Attorneys for City of Glendale,
Defendant-Intervenor

\\\DC - 030140/000003 - 3059624 v1