IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| TOHONO O'ODHAM NATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-cv-00472-JDB |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH L. SALAZAR, in his official | ) | |
| capacity as Secretary of the Interior, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| --and-- | ) | |
| | ) | |
| THE CITY OF GLENDALE, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |
| | ) | |

_____)

## DEFENDANT'S ANSWER

Defendant Kenneth L. Salazar, in his official capacity as Secretary of the Interior, hereby responds to Plaintiff's Complaint and Petition for Writ of Mandamus (Doc. No. 1). The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's complaint. Defendant denies any allegation not specifically denied, admitted, or modified.

1.  The allegations contained in Paragraph 1 constitute Plaintiff's characterization of this action, to which no response is required.

2.  Admitted.

3.  Defendant admits the allegations contained in the first and third sentences of Paragraph 3. The allegations contained in the second sentence of Paragraph 3 constitute

1

conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

4.      The allegations contained in Paragraph 4 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

5.      The allegations contained in Paragraph 5 constitute conclusions of law, to which no response is required.  Defendant avers that venue for this action more properly rests in the United States District Court for the District of Arizona.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      The allegations contained in Paragraph 9 characterize House of Representative Report 99-815, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that Report, they are denied.

10.     The allegations contained in Paragraph 10 characterize the Gila Bend Indian Reservation Lands Replacement Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Act, they are denied.

11.     The allegations contained in Paragraph 11 characterize the Gila Bend Indian Reservation Lands Replacement Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Act, they are denied.

12.     Admitted.

13.     The allegations contained in Paragraph 13 characterize the Gila Bend Indian Reservation Lands Replacement Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Act, they are denied.

14.     The allegations contained in Paragraph 14 characterize the Gila Bend Indian Reservation Lands Replacement Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Act, they are denied.

15.     Denied.

16.     Defendant admits the allegations contained in the Paragraph 16, but avers that the land-into-trust applications are submitted, not filed.

17.     The allegations contained in the first sentence of Paragraph 17 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant admits that a preliminary determination was made on Plaintiff's application in June 2009, but deny the remaining allegations contained in the second sentence of Paragraph 17.

18.     Denied.

19.     Defendant admits that Plaintiff intends to develop a casino on the 134-acre property.  The remaining allegations in the first sentence of Paragraph 19 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 19, and the allegations are therefore denied.  Defendant denies the allegations contained in the fourth sentence of Paragraph 19.

20.     Defendant admits the allegations contained in the first sentence of Paragraph 20. The allegations contained in the second sentence of Paragraph 20 characterize a City ordinance, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that ordinance, they are denied.  Defendant admits that Plaintiff is

contesting the legality of the annexation in state court, but Plaintiffs characterizations of that lawsuit constitute conclusions of law, to which no response is required.

21.     Defendant admits that Plaintiff first requested in August 2009 that the Department accept only Parcel 2 into trust, but denies the remaining allegations contained in the first sentence of Paragraph 21.  The allegations contained in the second sentence of Paragraph 21 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.  Defendant denies the allegations contained in the third sentence of Paragraph 21.

22.     Defendant denies the allegations contained in the first sentence of Paragraph 22. Defendants admit that the Arizona House of Representative passed H.B. 2297.  The remaining allegations contained in the second and third sentences of Paragraph 22 characterize H.B. 2297, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.  The allegations contained in the fourth sentence of Paragraph 22 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the fifth sentence of Paragraph 22, and the allegations are therefore denied.

23.     The allegations contained in Paragraph 23 characterize a federal statute and demographic data, which speak for themselves and are the best evidence of their contents.  To the extent that allegations are inconsistent with the statute and data, they are denied.

24.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 24, and the

allegations are therefore denied.  Defendant denies the allegations contained in the third sentence of Paragraph 24.

24.	Defendant admits that Plaintiff has made repeated inquires about the status of its application, but denies the remaining allegations contained in Paragraph 25.

26.	Denied.

27.	Defendant repeats and reasserts his responses to Paragraphs 1 through 26 as if fully set forth herein.

28.	Defendant admits that Plaintiff first submitted its application on January 28, 2009, but denies the remaining allegations contained in Paragraph 28.

29.	The allegations contained in Paragraph 29 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

30.	Defendant admits that Plaintiff has requested only Parcel 2 be taken into trust, but denies the remaining allegations contained in Paragraph 30.

31.	Defendant admits that Plaintiff has expressed its intent to proceed with economic development, but denies the remaining allegations contained in Paragraph 31.

32.	Denied.

33.	Denied.

34.	The allegations contained in Paragraph 34 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

35.	The allegations contained in Paragraph 35 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

36.	Defendant repeats and reasserts his responses to Paragraphs 1 through 35 as if fully set forth herein.

37.     The allegations contained in Paragraph 37 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

38.     The allegations contained in Paragraph 38 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

39.     The allegations contained in Paragraph 39 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

40.     The allegations contained in Paragraph 40 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

41.     Defendant repeats and reasserts his responses to Paragraphs 1 through 40 as if fully set forth herein.

42.     The allegations contained in Paragraph 42 characterize published judicial opinions, which speak for themselves and are the best evidence of their content.  To the extent that the allegations are inconsistent with the opinions, they are denied.

43.     The allegations contained in Paragraph 43 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

44.     The allegations contained in Paragraph 44 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

45.     The allegations contained in Paragraph 45 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

46.     The allegations contained in Paragraph 46 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      One or more of Plaintiff's claims is a claim for which relief cannot be granted.

2.      The Court lacks subject matter jurisdiction over one or more of Plaintiff's claims.


Respectfully submitted this 12th day of May, 2010,

IGNACIA S. MORENO
Assistant Attorney General


/s/ *Joseph Nathanael Watson*

EDWARD J. PASSARELLI
Assistant Section Chief

KRISTOFOR R. SWANSON
Trial Attorney
Tel: (202) 305-0248
kristofor.swanson@usdoj.gov

J. NATHANAEL WATSON
Trial Attorney
Tel: (202) 305-0475
joseph.watson@usdoj.gov

Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, DC 20044
Fax: (202) 305-0506

OF COUNSEL:

MARIA WISEMAN

VINCENT WARD
ADRIENNE HILLERY
U.S. Department of the Interior
Office of the Solicitor
Washington, DC

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2010, Defendant's Answer was filed with the United States District Court for the District of Columbia's electronic filing system, to which the following attorneys are registered to be noticed:

Danielle Mary Spinelli
danielle.spinelli@wilmerhale.com

Edward C. DuMont
edward.dumont@wilmerhale.com

Seth P. Waxman
seth.waxman@wilmerhale.com

Audrey Elaine Moog
amoog@hhlaw.com

James T. Meggesto
jmeggesto@akingump.com

Dana C. Boehm
dcboehm@hhlaw.com

*/s/ Joseph Nathanael Watson*
J. NATHANAEL WATSON
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, DC 20044
Tel: (202) 305-0475
Fax: (202) 305-0267
joseph.watson@usdoj.gov