UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOHONO O'ODHAM NATION,

     **Plaintiff,**

         **v.**                                      Civil Action No.  10-0472 (JDB)

KENNETH L. SALAZAR, in his official
capacity as Secretary of the United States
Department of the Interior,

     **Defendant.**

## MEMORANDUM OPINION & ORDER

Three sets of motions are presently pending before the Court: (1) the parties' cross-motions for summary judgment, see Pl.'s Mot. for Summ. J. [Docket Entry 4]; Def.'s Mot. for Summ. J. [Docket Entry 40]; Intervenor-Def.'s Mot. for Summ. J. [Docket Entry 42], which were argued on June 21, 2010; (2) defendant's motion to dismiss as moot, see Def.'s Mot. to Dismiss [Docket Entry 61]; and (3) plaintiff's motion to stay proceedings, see Pl.'s Mot. to Stay [Docket Entry 59].  The latter two motions are the result of the July 23, 2010 determination by the Secretary of the Department of the Interior ("defendant") that the land at issue would be taken into trust -- i.e., that it is eligible for acquisition under the Lands Replacement Act, Pub. L. No. 99-503, 100 Stat. 1798 (1986), which has in turn resulted in three actions filed in the United States District Court for the District of Arizona challenging that decision.

Defendant and intervenor-defendant City of Glendale argue that the determination to take the land into trust provides plaintiff with the relief sought in this action and therefore this case should be dismissed as moot while the proceedings in the District of Arizona are litigated

-1-

expeditiously.  Plaintiff counters that it has not yet received all the relief it seeks because the land

has not actually been taken into trust and further delays may ensue.  Hence, plaintiff suggests

that, instead of dismissal, a stay of proceedings in this Court is the best course, which will allow

the District of Arizona cases to proceed expeditiously but still permit intervention by this Court if

necessary.

The Court asked for and received an updated status report which was filed on October 28,

2010.  See Status Report [Docket Entry 70].  The parties simply confirm their previously stated

views, see id. at 3-5, while stating that the three actions in the District of Arizona have been

consolidated with briefing on cross-motions for summary judgment scheduled to be completed

on January 7, 2011, and oral argument set for January 18, 2011.  Id. at 2.  They also note that

several politicians in Arizona have moved to intervene or have threatened to do so.  See id.

Having considered and taken all the circumstances into account, the Court concludes that

a stay is the better resolution here.  Defendant and intervenor-defendant may be right that all the

appropriate relief has been provided by the decision that the land should be taken into trust.  And

the Secretary is correct that plaintiff's suggestion carries the risk of having this Court oversee,

and potentially interfere with, both the Department of Interior's implementation of its decision

and the litigation in the District of Arizona.  Certainly, this Court will not oversee or interfere

with the District of Arizona case in any way.  It is unseemly to think of this Court standing by

ready to reassert its involvement in this matter if plaintiff is dissatisfied with the progress of the

litigation in Arizona, or even (as plaintiff intimates) with any delay caused by appeals that may

be taken.

Nonetheless, there may be some future action by this Court that is proper, at least on

plaintiff's theory of its case.  But when that <u>might</u> happen is quite uncertain.  And all parties agree

that this Court should refrain from any action while litigation proceeds in the District of Arizona

as now scheduled.  The Court will therefore stay this case and remove it from the active docket

without prejudice to plaintiff's ability to seek further relief through a motion to reopen

proceedings before this Court.  In adopting this course, the Court intends to make clear that the

litigation center of gravity in this matter is now in the District of Arizona and this Court

anticipates no further litigation here, absent a well-supported motion to reopen that does not

interfere with the cases now being litigated in Arizona.

     Accordingly, it is by the Court this 29th day of October, 2010, hereby

     **ORDERED** that [59] plaintiff's motion to stay proceedings is **GRANTED**; it is further

     **ORDERED** that [61] defendant's motion to dismiss is **DENIED WITHOUT**

**PREJUDICE**; and it is further

     **ORDERED** that all proceedings in this case are stayed and the case is terminated on the

Court's docket, without prejudice to plaintiff's right to move to reopen the case and seek further

relief from this Court if future developments so warrant.

     **SO ORDERED.**

/s/
_____
JOHN D. BATES
United States District Judge

Date: <u>October 29, 2010</u>